In the Matter of the Adoption of FOWLER BARNES NORRIS and DONALD FOWLER NORRIS, Infants.

Surrogate's Court, New York County, November 7, 1935.

*Vincent Tese,* for the petitioner.

*Robert K. Story, Jr.,* for the respondent.

DELEHANTY, S.   The parents of the infants whose adoption is sought were married in 1924 and were divorced by judgment of the Supreme Court in February, 1932, in an action wherein the mother of the infants was plaintiff.   The children here involved were born, respectively, in 1927 and 1931.   In June, 1933, the mother married her present husband.   He is the petitioner here.

By the decree of divorce the father of the infants was directed to pay to his former wife the sum of $120 per month for the maintenance of the infants.   Considerable testimony was taken respecting the extent to which this direction of the divorce decree was performed by respondent and respecting the extent of the care given to the children by their father.   The father of the infants maintained himself and his family through his earnings in the brokerage and security business.   Since the stock market collapse in 1929 his employment has been intermittent and his income sharply reduced. On the whole the court is satisfied that up to the remarriage of his wife, the father of the infants contributed reasonably to their support and that whatever there was lacking of strict compliance with the divorce decree was waived by the mother of the infants who apparently recognized that their father was doing the best he could with limited means.   From and after the remarriage of his

former wife, the father continued to care for his children so long as they were in the charge of their maternal grandmother but when the latter returned them to the new household of her daughter, the father of the children apparently was reluctant to contribute to the new household and seems to have been governed by the feeling that if he did so he would be contributing to the support of his former wife's second husband. His circumstances did not permit much in the way of contributions but it seems clear to the court that something could have been contributed and probably would have been contributed except for this sentiment.

Until resistance to this proposed adoption was made no formal action was taken by the mother of the infants to enforce the terms of the divorce decree. During these hearings the mother of the infants went to the Supreme Court in Kings county where the divorce decree was made and asked to have the father of the infants committed for contempt in failing to make the payments directed by the decree. He countered by moving to vacate the divorce decree entirely on the ground that the divorce had been one of convenience and that no basis in fact existed for the finding of his adultery. The contempt proceeding was heard before an official referee who found (as stipulated in this proceeding) that there was no willful default on the part of the father of these infants. His failure to live up to the terms of the decree was conceded. The referee found his failure excusable. The application to reopen the divorce decree is presumably still awaiting determination. The Supreme Court has exclusive jurisdiction to determine all issues respecting the divorce decree and its enforcement or cancellation and this court is concerned only with the effect, if any, which the terms of such decree or any action respecting it would have on the welfare of the children.

If the question were decisive of this application it might be of interest to inquire whether the fact of adultery is *res adjudicata* in this proceeding when, as is the case on this record, the fact is denied and the issue is between different parties. It might well be within the competence of this court to inquire as to the actual fact of adultery since the judgment based on that fact is very largely the basis to this proceeding on the part of petitioner. While this court must recognize the divorce decree as conclusive between the parties to it, query whether the fact of adultery is not open to inquiry in this issue as to the propriety of terminating the parental status of defendant in that action. The result here reached, however, makes inquiry into that matter unnecessary.

As is almost always the case when conflict arises over the care and custody of children, the animosities of adults in their struggle

for primacy of position as among themselves obscure the real question. Courts should be loath to permit children to be made the excuse or the occasion for adult controversies and should protect children if possible against the inevitable harm to them which comes from the reactions upon them of battles among their elders.

The maternal grandmother of these infants opposes the proposed adoption. It is opposed of course by the father of the infants. The maternal grandmother had the children in her care for a very considerable period. She testified to substantial payments having been made directly to her for account of the children and to the fact that such payments were known to her daughter and acquiesced in by the latter. As against this testimony note should be taken of the fact that in the papers in support of this application and in the testimony of the mother of the infants there is apparently a studied effort to limit credit for payments to those moneys only which were paid directly to the mother of the infants. Denial is made now by the mother of the infants that she had knowledge of the direct payments to her own mother while the latter cared for the children. The court accepts as correct the testimony of the father of the infants and of their maternal grandmother that in very large measure and in an amount consistent with his earnings the father of the infants contributed to their maintenance so long as their grandmother had them in charge.

As is already noted in this opinion, the father of the infants could have and should have contributed to their support notwithstanding the remarriage of their mother. His failure to do so is based upon an understandable, though not an excusable, attitude of mind. However, such fault as may be attributed to him in this respect should be held offset by the fact that he now is contributing an amount which appears to be reasonable in the light of his earnings. If he shall continue to make these contributions nothing could reasonably be urged against him in his relations with his children except the suspension of payments to which reference has been made. In his defense of that suspension the respondent has urged his duty to his mother who is dependent upon him. Obviously that obligation is not superior to nor equal to his obligation to maintain his children. If he shall hereafter subordinate their welfare to hers this court will give little heed to future protests against the adoption sought.

Courts are reluctant to sever finally the tie between a parent and child. The fact that equities may exist in favor of those seeking adoption is not enough. The majority opinion in *Matter of Bistany* (239 N. Y. 19) exhibits the difference between questions of custody and questions of severance of blood ties. Only unequivocal and

absolute abandonment of the parent warrants the latter action. (*People ex rel. Pickle* v. *Pickle*, 215 App. Div. 38; *Matter of Davis*, 142 Misc. 681; *Matter of Cohen*, 155 id. 202.)

Here there was no abandonment of the children by their father. That there was some arrangement between the parties to the divorce proceeding respecting the children other than that written into the divorce decree seems to be established by the conduct of the parties after the decree was entered. Access to the children was freely given to their father and he took advantage of his opportunities and kept in regular contact with them. Their mother was absent from them for extended periods. Whether that absence is wholly accounted for by her testimony that she was seeking employment need not now be determined. Whatever may be her attitude toward her children there is uncontradicted proof in this record that the father of the children kept regularly in contact with them until some months after the remarriage of their mother. There is enough in this record to warrant the belief that the visits of the father of the children to the new home of their mother were not welcomed by the second husband. That is a natural reaction on the latter's part. After the remarriage the father saw the children outside the household of their mother. It is established on the record that controversy arose between the mother of the infants and their maternal grandmother and it is also established that sometime subsequent to that quarrel the visits of the father to the children were absolutely cut off by the act of their mother. The latter alone is responsible for the recent lack of contact between the father and his children.

There is here no question as to the physical well-being or the supervision of the children except as that physical well-being may be affected by contributions of respondent or the lack of them. The children are in the custody of their mother by the terms of the divorce decree. They are under the immediate care of the mother either in the home or at the school where the older child is now placed. This proposed adoption would not vary in any wise the personal status of the children. If refused they will still remain in the care of their mother and her second husband under precisely the same conditions as heretofore.

Without a far clearer showing than has been made in this proceeding the court should not sever the ties between a father and his children. The direction in the Supreme Court decree as to the custody of the children is of course subject to review by that court and if that court were of opinion that the father of these children should have a right of access to them or temporary custody of them the basis on which this application is made would disappear. It

would require no modification of that decree to vest in the father of the children the absolute right to their custody if his former wife were to die. Then his natural right as father would entitle him to take the children wherever they were. If this adoption were granted and if respondent's former wife should die, there would be committed to a stranger to them in blood the duty of maintaining them and of supervising their future. The Supreme Court decree of course regulated the status of affairs as it existed when the decree was made. On the application here this court must look into the future. Nothing has been shown in the proceeding to warrant a finding on the part of the court that severance of the parental tie will benefit the children. It is more likely to be detrimental to their financial interests. The father is young and has heretofore made substantial money in his business. He is likely to do so again. They will be likely to benefit by any improvement in his financial condition. If he were told now by court decree that he is related to them no longer, they would retain in theory of law their right to inheritance, of course, but that right could be terminated by will. Deprivation of all ties with his children could scarcely fail to operate against any benefits from him either while he lived or upon his death. In the opinion of the court the continuance of the parental tie is highly desirable in this case.

The court should record the fact that nothing in the proceeding and nothing in the proof reflects in any wise upon petitioner, the second husband of the mother of these children. His application to adopt the children is perfectly reasonable in the circumstances. For months prior to this petition he supported the children exclusively. He desires that his relations to them be stabilized. He is entitled to have a statement on the record that he has given parental care to the children. However, the situation in which he finds himself is the necessary consequence of his electing to marry his wife. He knew of the tenor of the decree of divorce and that she was charged with the custody and management of these children and that their father still lived. The situation which has developed so far as his relation to the children is concerned is an inevitable consequence of his establishment of a home presided over by his wife. That development should not bar consideration of the natural rights of the father of these children. The latter has neither abandoned nor has he neglected his children except for the suspension of payments already discussed and so long as he continues to evidence an interest in them the court should not sever his tie to them. In the interest of the children (the major consideration), the adoption should not be allowed.

Submit, on notice, order denying petition.