BRIGUGLIO, SCHNEE & GADDY, INC., Appellant, v. H. J. HEINZ COMPANY, Respondent.— Action (1) to recover damages for alleged breach by the defendant of a contract in writing for the erection by plaintiff of a factory building for the defendant; and (2) to recover as damages a balance allegedly due from defendant to the plaintiff for work, labor and services in the erection of the same building. The second cause of action was dismissed at the trial. The trial justice submitted to the jury for its answer a single question which, in our opinion, was an immaterial one, which question was answered in the affirmative or favorably to the defendant, by the jury. Thereupon the defendant moved for judgment in its favor upon the jury's verdict, which motion was granted and judgment against the plaintiff upon the merits and dismissing plaintiff's complaint was duly entered. From that judgment and also from an order denying the plaintiff's motion to set aside the verdict of the jury and for a new trial, plaintiff appeals. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

FRANCES BURNS, Respondent, v. HENRY T. BURNS, Appellant.— Defendant appeals from so much of an order as denies his motion to modify the final decree of divorce herein so as to give him the sole custody and care of the two infant children of the parties. Order modified on the law and the facts by providing that defendant be awarded the sole custody of the children and that the plaintiff shall have the right to have the children at her residence during the last half of the Christmas and Easter vacations and for one week-end in each month during the school year, from the close of school on Friday until the following Sunday at seven P. M., and also that she may have the right to have the children at her residence during the summer school vacation except one week in July and one week in August, when the defendant shall have the children with him. In addition, the defendant shall have the right to see the children at all reasonable times during the summer vacation in case of their illness or other emergency. As thus modified, the order, in so far as appealed from, is affirmed, without costs. In our opinion the interests of the children — which is the paramount consideration — will be best served by awarding the custody to the defendant. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur. Settle order on notice.