In the Matter of the Adoption of ARTHUR S. LIEBLICH, an Infant.

Surrogate's Court, New York County, April 26, 1955.

*John J. Morgan* for Max.Baer, petitioner.

*Karl S. Lowenthal* for Irving Lieblich, respondent.

FRANKENTHALER, S.   The application of petitioner to adopt his stepson is opposed by respondent, the natural father.   Petitioner's present wife, who consents to the application, was married to respondent in March, 1943.   The infant was born in December of the same year.   In January, 1946, after several separations, the mother and respondent executed an agreement of separation in which she agreed to relinquish all claims for support and respondent agreed to pay her a lump sum in settlement, to renounce all claim and right to his son and to consent to any future adoption of the son.   The mother obtained a divorce in Nevada in May, 1946, on the ground of mental cruelty. The divorce decree incorporated the terms of the separation agreement and awarded the mother sole care, custody and control of the child.   In August, 1949, the mother and petitioner were married and since that time the child has continually been living with them.

Regardless of the court's view of the best manner to promote the interests of the child, the objection of the natural father is a complete bar to this application unless petitioner has sustained the burden of proving that respondent has abandoned the child (Domestic Relations Law, § 111; see *Matter of Willing,* 271 App. Div. 935, affd. 298 N. Y. 566, and *Matter of Anonymous,* 192 Misc. 359, 365).   '' The term ' abandonment ' means neglect and refusal to perform the natural and legal obligations of care and support.   If a parent withholds his presence, his love, his care, the opportunity to display filial affection and neglects to lend support and maintenance, such a parent relinquishes all parental claim, and abandons the child.''   (*Matter of Hayford,* 109 Misc. 479, 481.)   Although respondent's consent in the separation agreement to any future adoption does not satisfy the statutory requirements as to consent (Domestic Relations Law, § 112, subd. 5; *Matter of Anonymous,* 178 Misc. 142), it is some evidence of abandonment commencing at the date of the agreement (*Matter of Anonymous,* 80 N. Y. S. 2d 839; *Matter of*

*Davison,* 44 N. Y. S. 2d 763; *Matter of Dein,* 135 Misc. 244). The question is whether the facts as proved at the hearing require a finding that the abandonment has continued to the present date (see *Matter of Marino,* 168 Misc. 158; *Matter of Anonymous,* 198 Misc. 185, and *Matter of Davis,* 142 Misc. 681) or was terminated by conduct consistent with the assumption by respondent of his parental rights and duties (*Matter of Cohen,* 155 Misc. 202; *Matter of Anonymous,* 85 N. Y. S. 2d 358; *Matter of Marks,* 159 Misc. 348).

It is most significant that from the date of the separation agreement until commencement of this proceeding in December, 1954, a period of eight years, respondent did not see or write to his child, or contribute to his support (see *Matter of Munzel,* 160 Misc. 508; *Matter of Broderick,* 145 Misc. 445, and *Matter of Anonymous,* N. Y. L. J., Aug. 3, 1953, p. 179, col. 3). For the first time since 1946, respondent saw the child at school in February, 1955, and, contrary to his promise to the mother, identified himself to the boy who had previously been unaware that respondent was his father. Even if respondent in 1947, did, as he claims but as the mother disputes, bring a gift or ask to see the boy, this fact becomes unimportant in the light of his subsequent conduct which is consistent with the purpose evinced clearly in the separation agreement to give up the boy (see *Matter of Zucker,* 277 App. Div. 1077). The separation agreement cannot be raised as a justification for inaction. Though as a result of this agreement respondent was denied custody of the child and may have been absolved of the duty to support, there were many ways, unavailed of by him — such as, seeing or writing to the child, sending gifts or money to him or to the mother for his benefit — in which respondent could have assumed some parental obligations if he felt bound by them. (See *Matter of " Rivers ",* 201 Misc. 447; *Caruso* v. *Caruso,* 175 Misc. 290; *Matter of Norris,* 157 Misc. 333; *Matter of Fischer,* 127 N. Y. S. 2d 423; *Matter of Farquharson,* 102 N. Y. S. 2d 230, and *Matter of Johnston,* 76 Misc. 374.) If, as claimed, the separation agreement was executed under duress, respondent had eight years in which to have the agreement declared ineffective and to regain custody of the child or at least to secure visitation privileges. There is no evidence that respondent was financially or otherwise unable to initiate action to protect his interest in his child (see *Matter of Resnick,* 127 N. Y. S. 2d 918).

It is always a serious and difficult task over objection to deprive the natural father of his status as parent. But the history of eight years of neglect, disinterest and failure to

assume the duties of a parent cannot be ignored because a claim of parental devotion is made after commencement of a formal proceeding. Respondent has been aware since 1951, of attempts by petitioner to adopt the boy and has not exerted any reasonable or seasonable efforts to fulfill his obligations as a parent. The court has had opportunity to observe and interrogate respondent, the mother and petitioner and has given due consideration to their testimony, credibility and demeanor. The court finds that respondent has abandoned the child and holds that respondent's consent to the adoption is not required.

Petitioner has assumed the role voluntarily relinquished by respondent and is entitled to have the relationship formalized in law. The court finds that adoption by petitioner will promote the moral and temporal interests of the child and approves the application.

Proceed accordingly.