Nicholas M. Pette, J.
Two motions have been referred to this court by Special Term, Kings County. One, by the relator, Charles Cavalleri, who seeks a modification of the order of Mr. Justice Pette, entered herein on April 12, 1962, so as to award to him complete custody of the infant issue of the marriage, Christopher David Cavalleri. The other and accompanying motion is by the respondent, Madeline Cavalleri, requesting that said order be modified so as to diminish the visitation rights therein granted to the relator, Charles Cavalleri.
The aforesaid order contains a provision that the matter of custody of said infant and visitation rights shall be kept open and subject to such further review and consideration by the undersigned as the facts and circumstances may warrant, upon the application to the undersigned, by either party, upon five days’ notice of motion.
In view of the conflicting allegations contained in the affidavits submitted on these two motions, the court directed that a hearing be held at which the parties and their witnesses could offer their proof in support of their contentions.
The parties have been engaged in bitter litigation involving the custody of their child for several years. This court presided over lengthy hearings for three days, February 26, March 19 and April 2,1962, in the proceeding by petitioner for absolute custody of the child. Much testimony was offered pro and con. Before the conclusion of the hearings, following many conferences between counsel and the parties, an agreement was reached and a stipulation was entered into between the parties, upon which the aforesaid order was entered on April 12, 1962.
In passing, the court notes that it has sought to effect a reconciliation of the parties, without success.
By stipulation of the parties on the record, the above two instant matters were tried together and a separate decision on each motion will be rendered by the court.
The court will first consider the motion by the relator, who seeks absolute custody of the infant, now three years of age.
In his petition, this father alleges that it has become apparent that the child is living in an unhealthy environment and that his home is a more wholesome one in which the child would enjoy love and kindness and have opportunity for indoor and outdoor recreation and association with other children.
The court has heard the proof offered by the parties before me and is convinced that both mother and father of this infant are interested in his welfare. The court recognizes that the welfare of the child is of paramount consideration and must rise *622 above the personal differences of the parents and it is also aware of the impact its decision will make upon all concerned.
Certain definite principles have been established to guide the courts in deciding custody of a child where that issue is raised in a court of equity.
The interests of childhood are the interests of mankind and in custody proceedings the court has a solemn duty and responsibility requiring the most serious and difficult exercise of discretion afforded by law to a court of equity. Consequently, the court must, therefore, approach the solution of the problem with humility and great caution since it, in effect, acts as parens patriae.
The Supreme Court, as a court of equity, irrespective of statute, has broad, inherent powers concerning the custody of children and, as parens patriae-, must base its determination on what is best for the child, a consideration which transcends all others (Finlay v. Finlay, 240 N. Y. 429).
The welfare of minor children is the paramount consideration in all proceedings affecting the custody of such infants (Burns v. Burns, 264 App. Div. 894; Clair v. Clair, 64 N. Y. S. 2d 889).
When parents cease to act together for the welfare of their children and oppose each other’s claims to participate in their rearing, the children become wards of the State until the court decides what is for their best interests (Matter of Djurovic, 205 Misc. 216, affd. 283 App. Div. 1055).
There is no absolute rule by which it can be determined which of two contesting parents is entitled to the custody of the child, but each case must be judged on its own facts.
As this court has observed on various occasions, there is nothing more overpowering than a mother’s love, which endures from the cradle to the grave. Providence has blessed man with no greater gift than his children and inherent parental love is one of the fundamental virtues nature has bestowed upon mankind. The human equation presented in cases of this kind becomes a paradox beset with confusion and many apparent unresolvable complications, so that the question always arises whether temporal have exceeded spiritual ones.
In the absence of any evidence that she is unfit or incapable in the performance of her task, it must be noted that such a delicate matter concerning the upbringing of a small child of three years should be left to the conscience, the patience and endeavors of the mother, whose love and concern for her offspring are the very endowments of nature.
The proof offered by the relator completely fails to support his claim that the respondent, the mother of this child of *623 tender years, is not a fit person to have the custody of said child or that the child suffers any impairment of any kind because of the care that he is receiving at the hands of his mother.
Upon the proof adduced, this court finds and determines that the respondent has a warm, natural love and affection for this child, that she is a devoted and conscientious mother, and has provided the child with a home of wholesome surroundings in which said child will develop physically, morally and spiritually.
The court observes that during the period of immaturity incident to infancy, a mother must shield the child from the dangers and temptations that beset not only the physical, but the moral and spiritual welfare of the child and that she must guide him in every phase of his development.
Upon all the evidence adduced before me, this court finds and determines that the respondent mother is a fit person and awards the custody of said child, Christopher David Cavalleri, to her.
Accordingly, the motion of the relator, Charles Cavalleri, is denied.