Nicholas M. Pette, J.
In this motion by the respondent for modification of the order of this court, entered herein on April 12, 1962, so as to diminish the visitation rights therein granted to the relator, Charles Cavalleri, the court is faced with a serious problem.
The court has given careful consideration to the testimony adduced herein. It is apparent that some of the rights of visitation should be diminished. The court is prompted to reach this *772 eonclusion more especially because of the tender age of the child, and for the reasons stated in this court’s decision in the accompanying motion by the relator concerning the custody of said infant (37 Misc 2d 620).
It should be noted that visitation rights when granted are experimental and must meet the test of time and changing circumstances to the end and purpose that the best interests and welfare of a child of tender age may be reasonably assured.
There is no question that the father is motivated by good intentions, has the child’s welfare at heart and that he and his family reside in a wholesome environment. Nevertheless, this court is of the opinion that it is instinctive for a child of such tender years to look to its mother, to soothe and allay its fears and to receive that affection, guidance, comfort and peace of mind which only the mother can give. At bedtime, it is the mother who can best induce the sleep and rest the child must obtain for its normal development. As well meaning and concerned that a father can be, he cannot substitute for the maternal benefits only a mother is endowed to give.
The proof adduced before me establishes, inter alia, that after the long week-end visits with the father from Friday 10:00 a.m. to Sunday 5:00 p.m., the child returns to its mother, upset, nervous and emotional; has nightmares and has rashes; expresses fear of visiting with his father; that there is a change in his general attitude and that adjustment to his permanent surroundings and association with his mother becomes increasingly difficult.
It is the considered opinion of this court, on all the evidence, that the visitation rights as presently authorized are not feasible, practical or helpful to the welfare of the child, in spite of every good intention of the father and the members of his immediate family.
Visitations at the home of the child’s mother have on several occasions created unsalutary incidents requiring police intervention. The parties should recognize that visitation rights are flexible and subject to reasonable application, always with the child’s best interests and welfare transcending every other consideration. This court is satisfied that until this child attains a more mature age he should always be with his mother at bedtime.
The relator shall accordingly have visitation rights with the child, at the relator’s home, during 1962, on every Sunday from 11:00 a.m. to 4:00 p.m. ; on alternate Saturdays from 10:00 a.m. to 4:00 p.m.; on Christmas Day from 11:00 a.m. to 3:00 p.m. ; in 1963 and the years thereafter, on every Sunday from 11:00 a.m. to 4:0Ó p.m. ; on alternate Saturdays from 10:00 a.m. *773 to 4:00 p.m. ; on Thanksgiving Day and Christmas Day from 11:00 a.m. to 3:00 p.m. ; on all other holidays from 10:00 a.m. to 3:00 p.m.
The parties may apply to the undersigned, at any time, upon proper notice, to modify the order to be entered hereon.