Louis D. Laurino, S.
In this adoption proceeding, petitioner’s application to adopt the natural child of his wife is opposed by the natural father. Petitioner seeks to dispense with the natural father’s consent on grounds of abandonment pursuant to section 111 of the Domestic Relations Law.
The natural parents were married on April 20, 1963 and the child was born on April 8, 1964. The marriage was terminated by a Mexican divorce decree on August 29, 1966. The decree incorporated a separation agreement dated August 23, 1966. This first agreement provided for, among other things, visitation rights for the natural father and support and maintenance payments to be made by him on behalf of both mother and child to the natural mother. The payments were fixed in the amount of $15 per week for the support of the mother and $25 per week for the support of the child.
On August 15, 1968 the natural parents entered into a second agreement amending the earlier separation agreement. In this later agreement the natural father irrevocably waived all rights of visitation. In return, the natural mother waived all rights to support for herself and the child as of the date of the agreement. At the same time, the natural father executed a purported consent and agreement to the future adoption of the child.
The principles by which the court is guided in reaching its decision in matters of this nature have been well expressed by *449 Surrogate Bennett in Matter of Anonymous (13 Mise 2d 653) at page 657: “the court owes an obligation to the child and the adopting parents to find an abandonment when a proper .showing has been made that the parent has neglected and refused to perform his natural and legal obligations of care and .support, when/he has withheld his presence, the demonstration of parental affection, or the opportunity on the part of the child to display filial affection. Failure to perform such duties by a parent constitutes a relinquishment of parental claims and an abandonment of the child (Matter of Anonymous, 9 Misc 2d 420; Matter of Paden, 181 Misc. 1025, 1027; Matter of Rayford, 109 Misc. 479, 481; and, .see cases cited in dissenting opinion, Matter of Bistany, supra [239 N. Y. 19]).”
While not in conformance with the requirements of a statutory consent, as provided by subdivision 7 of section 115 of the Domestic Relations Law, the execution of the August, 1968 agreement and consent to adoption is some evidence of abandonment commencing with the date of the agreements. (Matter of Anonymous, 9 Misc 2d 420; Matter of Lieblich, 207 Misc. 793; Matter of Anonymous, N. Y. L. J., July 16, 1971, p. 10, col. 6 [Clancy, S.].) The facts as disclosed by all the credible evidence received at the hearing require a finding of abandonment based upon the natural father’s relinquishment of his parental duties, interests and obligations. (Matter of Lieblich, 207 Misc. 793, supra, p. 795.)
The natural mother testified that for the first three or four months following the separation and divorce the natural father saw the child once a week as provided by the August 23, 1966 agreement. Thereafter the visits slackened off until early in 1968 when they stopped completely. She further testified that during the visits the natural father showed a marked lack of affection towards the child, upsetting both the child and the natural mother. Since 1968 the credible evidence discloses that there has been absolutely no contact between the child and his natural father.
The natural father testified that because of his financial situation he stopped making the required support payments in July, 1967. He further testified as to alleged conversations with his ex-wife during the period between the divorce and August of 1968, at which times he claims that he begged her to allow him to see the boy more often, but that she refused because he was late in his support payments. He also alleges that since 1967 he has sent gifts and registered and certified letters to the child which were never received and, in addition, on each birthday he *450 claims to have sent $200. All of his testimony was contradicted by the natural mother and not one iota of documentary evidence was offered in support of his testimony, in spite of his allegation that canceled checks, returned letters and mailing receipts were available.
The most incredible allegation made by the natural father was that he was coerced into signing the 1968 agreement by the natural mother’s father, who had obtained a judgment against him in a civil action in the amount of $19,700. Again, no attempt was made to document this charge, or to explain why no mention was made of the judgment in the agreement, and why no satisfaction of judgment was ever provided to the natural father after executing the agreement.
Most importantly, the natural father could not satisfactorily explain why, after his financial situation improved measurably in 1970, he took no action to regain his visitation rights and made no attempt to resume contact with the child.
The court, sitting without a jury, is the trier of the facts. In listening to the evidence and reaching its decision, the court must determine after hearing and observing the witnesses the credibility and worthiness of their testimony, especially where the testimony offered by different witnesses is completely contradictory. After hearing the testimony of the natural father the court is constrained to reach the conclusion that his allegations and statements are of questionable veracity. It would appear that in attempting to sustain his case he has tried to create conflict in the testimony which supposedly would require the court to give ¡him, as natural father, the benefit of every controverted fact. (Matter of Bistany, 239 N. Y. 19; Matter of Cocozza v. Antidormi, 35 A D 2d 810.) The attempt to force a trial court to misapply this incongruous principle of law has already been well documented in Matter of Anonymous (13 Misc 2d 653, supra). The court will not ignore its obligation to consider the improbability of a witness’ testimony in making a finding of fact.
Upon all the credible evidence the court finds that the petitioner has sustained the burden of proof as to abandonment by the natural father. Accordingly, the application to dispense with his consent is granted.
Submit order on notice.