EVAN B. ADAIR, Appellant, *v.* STERLING L. ADAIR, Defendant. CORNELIUS VANDERBILT WHITNEY, Respondent.

Second Department, October 11, 1923.

**Husband and wife — annulment of marriage — defendant in action for breach of promise by plaintiff in annulment action cannot move to have judgment in annulment action vacated.**

The defendant in an action for breach of promise of marriage has no legal or equitable right to move to have a judgment, which was entered in favor of the plaintiff prior to the commencement of the breach of promise action and which annulled her marriage to another man, vacated and set aside on the ground that the court did not obtain jurisdiction of the defendant in the annulment action and that the decree was obtained therein by fraud.

APPEAL by the plaintiff, Evan B. Adair, from an order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Rockland on the 5th day of January, 1923, vacating a judgment entered in said clerk's office on the 17th day of July, 1920, annulling the marriage of the plaintiff and the defendant.

*Isaac N. Mills* [*Charles Firestone* with him on the brief], for the appellant.

*Mortimer B. Patterson*, for the respondent.

JAYCOX, J.:

This action was brought to annul a marriage between the plaintiff and the defendant upon the ground that the plaintiff was induced to enter into the marriage by the false and fraudulent representations of the defendant that he had never been married before and that in truth and in fact prior to said marriage he had been married to one Willie May Wiggins (from whom he had been divorced); that upon discovery of the falsity of such representations and upon the discovery of the concealment practiced upon her the plaintiff left the defendant and at no time did the plaintiff ever cohabit with the defendant. The plaintiff claims to have obtained jurisdiction of the defendant by personal service of the summons and complaint upon him without the State pursuant to an order of the court for that purpose. The defendant made default in appearing and the plaintiff and her mother were examined as witnesses. Upon their testimony a decree was entered annulling the marriage. The defendant has made no attack upon the decree thus entered.

Upon the ground that the court did not obtain jurisdiction of the

defendant and that the decree was obtained by fraud practiced upon the court, one Cornelius Vanderbilt Whitney, through his attorneys, moved to vacate the decree of annulment and bases his claim of right so to do upon the fact that after the entry of this decree and on or about the 27th day of June, 1921, the plaintiff instituted against him an action for $1,000,000 damages for an alleged breach of a promise of marriage.

In the consideration of this case we are confronted at the very outset with the question as to whether the moving party here, Cornelius Vanderbilt Whitney, had such an interest in this action as to entitle him to move to vacate the decree entered therein. His interest, if any, is that he desires to show that at the time of his alleged entry into an engagement to marry the plaintiff, the plaintiff had no legal capacity to enter into such a contract and to interpose that fact as a defense in the action instituted by her against him for breach of his engagement to marry. I think it is clear that any person making an application for the vacation of a judgment must show that some legal or equitable right of his has been invaded by the judgment. Unless he can show this, he is not in a position to ask that the judgment be set aside. (15 R. C. L. 697, § 149.)

*Tyler* v. *Aspinwall* (73 Conn. 493) was an action brought to set aside a decree of divorce upon the ground that it had been procured by fraud. The plaintiffs in the action claimed that the allegations of the complaint in the divorce action, that the defendant in that action was habitually intemperate and had been guilty of intolerable cruelty, and the testimony in support of these allegations, were utterly false and untrue, that a willful fraud had been committed upon the court and said judgment of divorce was wrongful and fraudulently obtained, to the damage and injury of the plaintiffs. The plaintiffs in the action were the heirs at law of the second husband of the divorcee. The defendant claimed her share of his estate as his widow. The result of this action, if successful, would have been to destroy her status as widow and entitle the plaintiffs to all of his property. The court denied the plaintiffs relief. Speaking of the judgment of divorce it said: " If such a judgment can, under any circumstances, be reopened at the suit of a stranger, this judgment cannot be reopened at the suit of the plaintiffs. Its consequences, if harmful to them, are of too remote and indirect a character to give them any cause of action. The court is not called upon to exercise this power at the instance of such parties. Courts are instituted to give relief to parties whose rights have been invaded, and to give it at the instance of such parties, and a party whose rights have not been invaded cannot be heard to complain if the court refuses to act at his instance in righting the wrongs of

another who seeks no redress. The courts are practically unanimous in holding that it is not error to refuse to exercise the power here in question, at the instance of a mere stranger whose rights are not at all affected by the judgment he seeks to have set aside [citing cases]. This is merely a special application of the wide, general principle that courts will act only in behalf of parties who show themselves entitled to such action. They sit to vindicate rights at the instance of parties whose rights have been invaded, and not to vindicate mere abstract principles of justice at the instance of any one. In the case at bar the complaint, as finally amended, is merely a petition to set aside the judgment of divorce upon equitable grounds; and it shows upon its face, and without the aid of the allegations in the plea in abatement, that the plaintiffs were strangers to the judgment, and that their rights, legal or equitable, were in no way affected by it. There are no facts stated in the complaint which bring the plaintiffs within any of the recognized exceptions to the general rule that strangers to a judgment are not entitled to have it set aside. The mere fact that the setting aside of the judgment would be an advantage to the plaintiffs is not enough; they must show that some legal or equitable right of theirs was invaded by the judgment, before they can complain of the refusal of the court to act upon their petition to have it set aside."

Practically the same question has been before the courts of this State and the same conclusion has been reached. *Ruger* v. *Heckel* (85 N. Y. 483) was an action brought to have a judgment for divorce between the defendants canceled and the marriage of the plaintiff with the defendant Theresa Heckel declared void. The defendants Theresa Heckel and Christian Heckel intermarried. Afterward in a suit brought in the Common Pleas, the marriage was dissolved. Theresa was permitted to marry again during the lifetime of Christian. In March, 1878, about five years after the divorce, she married the plaintiff, who was informed of the prior marriage and divorce. In September, 1879, he commenced this action. In the divorce action the defendant was duly served and did not appear; but he was called as a witness and the referee found that Christian was guilty of the adultery charged in the complaint. In this action to set aside the decree it was claimed that the proof on which the court acted was fabricated and the decree of divorce fraudulent. DANFORTH, J., writing for the Court of Appeals, said: " In bringing this action the plaintiff meddled with a matter which did not concern him. Before he contracted matrimony with Theresa, he was told of her former marriage, its dissolution and the terms thereof. He has had the full benefit of his bargain.

No one has questioned his title, and the record which he produces shows a judgment binding upon both parties. It is impossible to discover any ground in law or morals upon which his complaint can stand. In refusing to listen to him the court does not aid in giving effect to a judgment obtained by fraud. It regards him as a suitor without a cause of action and rejects his petition, because he is not aggrieved. The parties to the judgment do not complain, nor does either of them ask aid from the court." Further quotation seems unnecessary. Relief to the plaintiff was denied.

*Kinnier* v. *Kinnier* (45 N. Y. 535) is another action in which the same principle is maintained. The headnote in part reads as follows: " The former husband of the defendant, a resident of Massachusetts, went to Illinois expressly to procure a divorce from her, commenced an action there in the proper court for that purpose, and she having appeared and permitted, by collusion with him, a decree of divorce to be granted against her, subsequently married the plaintiff here. *Held,* in an action here, brought to annul the last marriage on the ground of the defendant's former marriage being still in force, that a complaint stating the above facts was insufficient, and a demurrer thereto must be sustained." In the course of the opinion the court said: " The plaintiff was entitled to marry a marriageable person, and though she may not have been, in other respects, all he anticipated or all that was desirable, yet she was competent to marry, because her former marriage was not *then in force,* and being competent, it is of no legal consequence to the plaintiff how she became so."

*Hall* v. *Hall* (139 App. Div. 120) was an action of a similar character and it was held that the plaintiff had no standing to impeach for fraud a judgment of divorce between the defendant and her former husband. That case was cited and approved in *French* v. *French* (74 Misc. Rep. 626).

*Rupp* v. *Rupp* (156 App. Div. 389) was another case of the same character, and the Appellate Division in this department, speaking through Mr. Justice RICH, said that even if the judgment sought to be set aside in that action was collusively obtained, it could not be attacked collaterally by the plaintiff. Although in the case last cited the court holds that the decree is immune from *collateral attack,* I think this does not indicate any right in a person not a party to the action to move in the action to set aside the decree. I think the right to move in an action, as well as the right to attack the decree by means of an equity action, is limited to those whose rights are directly invaded or upon whom that right has been directly conferred by statute.

In view of the conclusion reached, it seems unnecessary to deter-

mine any of the other questions involved. If the decree of annulment was void for lack of jurisdiction (*Berlinsky* v. *Berlinsky*, 204 App. Div. 480), this fact may be pleaded in any action in which the validity of such decree is involved. If, however, the decree was only voidable, then it can only be set aside at the instance of a party whose rights have been invaded thereby.

The order vacating the decree of annulment should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Kelly, P. J., Rich, Manning and Kapper, JJ., concur.

Order vacating decree of annulment reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.