In the Matter of the Probate of the Last Will and Testament of, and a Codicil Thereto of ROSA DEIN, Deceased.

Surrogate's Court, Westchester County, November 25, 1929.

*Wallin, Beckwith & Edie*, for the executor.

*Morris Kohn*, for Henry Jacob Dein, son.

*Robert P. Smith*, special guardian for Lydia Dein, a legatee.

*Francis J. Duffy*, special guardian for Karl Schneider, a possible heir at law and next of kin.

SLATER, S. Henry J. Dein, an adopted son of the decedent, is contesting the will. A question of his status arises and the court will consider this question before proceeding with the contest.

If the adoption of Henry Jacob Dein is legal, he is an heir at law. If it is void, he is not. Whether or not he is a proper party to this proceeding depends upon the legality of his adoption. The power is vested in the surrogate to hear and determine the question of status. (Surrogate's Court Act, § 40, as amd. by Laws of 1921, chap. 439.)

It appears that Jacob Muller, now Henry J. Dein, was adopted pursuant to an agreement and approval of the County Court of Westchester county, as filed March 15, 1926.

It is contended that the adoption is void: *First*, because it lacks an acknowledged consent by the mother of the person adopted; *second*, that the investigation required by subdivision 4 of section 112 of the Domestic Relations Law, as amended by chapter 323 of the Laws of 1924,* was not made.

The natural mother of the boy resides in Germany. On July 21, 1924, she made a declaration in writing, giving the son to her sister, the foster parent. With this paper the boy was sent to America, and into the home of the foster parent, the decedent. The child was then twenty years old. The paper is not acknowledged. The attorney who prepared the adoption papers looked upon the declaration by the mother in Germany as a consent of adoption. The court does not take that view. The adoption order cannot be sustained on the theory that a properly executed consent was submitted as required by the statute. However, subdivision 5 of section 111 of the Domestic Relations Law (as am'd. by Laws of 1924, chap. 323) provides for a waiver by the court where the minor to be adopted is of the age of eighteen years or upwards, if in the opinion of the court the moral or temporal interests of such minor will be promoted thereby, and such consents cannot for any reason be obtained. The order in the instant case was drawn upon the erroneous theory that the declaration made by the mother in Germany was a consent to the adoption order. The order itself so speaks of it, and the court in the order waived " the acknowledgment and verification of her consent."

I will hold that there is no merit to this objection. When the County Court approved the order of adoption, it waived, as it had a right to do, the properly executed consent of the mother. This must be inferred because of the court's approval of the adoption. If the petition and order had made no reference to any consent, the approval by the court would be a waiver by the court of the required consent in such a case.

Again, the adoption is valid on another ground. It appears that the statute authorizes an adoption *without the consent* of the surviving parent, if such surviving parent has abandoned the minor child. This statute contains no express provision requiring notice to the parent in order that he or she may be heard on the question of whether or not he or she has abandoned the child. Without such notice, either actual or constructive, an adjudication cannot be

---

* Subdivision 2 of section 112 was amd. by Laws of 1925, chap. 607.—[REP.

made that will be binding on the parent on that issue. (*People ex rel. Lentino* v. *Feser*, 195 App. Div. 90, 96.) The order of adoption, however, is not void or voidable because of her right to attack it. (*People ex rel. Pickle* v. *Pickle*, 215 App. Div. 38, 44.)

Section 111 of the Domestic Relations Law, as amended, though providing for a consent in general, establishes an exception in the case of " a parent who has abandoned the child." (*Matter of Bistany*, 209 App. Div. 286; affd., 239 N. Y. 19.) The natural parents must consent to the adoption unless they have abandoned the child, that is, if they have failed, neglected or refused to perform their parental duties toward the child.

In the instant case, let us assume that they did not consent to the adoption, and that the consent was not waived by the court. Did the parent abandon the child?

The child was sent to America to the home of the mother's sister, the child's aunt, with a paper giving the child to the sister. The term " abandoned " means neglect and refusal to perform the natural and legal obligations to care and support, withholding his presence, his care, the opportunity to display voluntary affection, and neglect to lend support and maintenance. In such a case the parent relinquishes all parental claims and abandons the child. (*Matter of Bistany*, 239 N. Y. 19, dis. op. by Judge McLaughlin, p. 29; *Matter of Hayford*, 109 Misc. 479.)

I hold that the parent abandoned the child in the instant case, and, therefore, the consent of the parent was not required. Neither was it necessary to waive it.

The Legislature of 1924, by chapter 323, amended section 112 of the Domestic Relations Law, relating to requisites of voluntary adoptions, by adding subdivision 4, requiring the court to make, or cause to be made, an investigation by some person or agency, or that the court be given full knowledge as to the desirability of confirming the adoption, that the written report containing the result of such investigation should be submitted before the adoption is granted. It is contended that such a report was not made or filed in the instant case, referring to the Opinions of the Attorney-General, 1924, p. 275. This section has not been construed by any court.

I shall hold that the Legislature intended to require either one of two methods to secure the facts regarding each case of adoption: *First*, investigation made by the court itself; again, through some person or agency designated, and that subdivision 4, except the reference to the court, refers to such person or agency. That, when no such person or agency is designated, it will be inferred that the court, by signing such adoption order, has made its own inves-

tigation in its own way. In the instant case the order recites " after due examination by this Court of the said parties appearing before it as prescribed by law, from which it appears to the satisfaction of this Court," and is an ample and full statement that the court made its own investigation. In my opinion, it is not necessary to recite it in the order. Whenever a person or agency is not appointed to investigate, the presumption is that the court itself did the investigating.

The contentions raised by the opposing parties to the legality of the adoption order are decided in favor of the adoption proceeding and order.

Submit decision on notice to appearing parties.