In the Matter of the Adoption of Florence Leroy Connolly, Formerly Florence Leroy, an Infant over the Age of Twelve Years, Minor, by Michael Connolly and Margaret Connolly, Foster Parents.

Surrogate's Court, Kings County, March 4, 1935.

*Charles Berliner*, for Jennie Leroy Grady.

*Florea & Fitzpatrick*, for Margaret Connolly.

*Edward F. Boyle*, for the Catholic Home Bureau for Dependent Children.

Wingate, S. This is an application to vacate an order of adoption made by a former surrogate of this court on May 23, 1911, on the alleged ground that the court was without jurisdiction to make such order. The circumstances surrounding the application,

which is submitted for decision on the petition, answer, reply and the original adoption order and papers upon which it was based, are novel.

The petitioner is a natural sister of the person adopted, who died intestate, a resident of the county of Bronx, on September 18, 1934. It is obvious that the motivating force behind the application is the desire of the petitioner to re-establish her status as a statutory distributee of the deceased adopted person, which was lost by reason of the adoption. (*Matter of Marsh*, 143 Misc. 609, 612.)

At the time of the making of the order of adoption the natural mother of the adopted person was dead. The father, who was living, received no notice thereof, and this is the sole basis of the claim of invalidity.

The adoption was made from the Catholic Home Bureau for Dependent Children, a domestic corporation having power to place children for adoption, and the only parties to the proceeding were this home, the two adoptive parents and the child herself, who was over twelve years of age, and who executed a consent thereto, which was acknowledged before the surrogate.

The applicable law then in force was the Domestic Relations Law enacted in chapter 19 of the Laws of 1909. Section 115 of this act provided that in adoptions from charitable institutions the adoption agreement should be signed, *inter alia*, by " each person whose consent is necessary to the adoption."

Subdivision 3 of section 111 of that act required the consent " of the parents or surviving parent of a legitimate child * * *; but the consent of a parent who has abandoned the child, or is * * * judicially deprived of the custody of the child on account of cruelty or neglect, is unnecessary."

In the present case it appears that on or about March 29, 1906, the person adopted was committed, after a hearing, to the Missionary Sisters, Third Order of St. Francis, by Hon. FRANCIS B. McAvoy, presiding justice of the Children's Court, under the provisions of the then existing section 291 of the Penal Code (now Penal Law, §§ 486, 487) by reason of her being improperly exposed and neglected by her father, who was her sole parent and guardian, her mother being dead.

The adopted person remained in this institution until July 30, 1907, during which period the city of New York was charged with the expense of her maintenance. She was then delivered to the Catholic Home Bureau for Dependent Children for the purpose of being placed with some suitable family, and was accordingly placed with the persons who subsequently adopted her.

The order of adoption is attacked on the alleged ground " that the said " adopted person " was not at the time of the making of the order of adoption an ' abandoned child ' within the intent and purview of the law." Whereas even this is not clear on the facts, it was wholly immaterial. She was a child of whose custody her sole surviving parent had been judicially deprived " on account of cruelty or neglect " within the language of section 111 of the Domestic Relations Law, for which reason a valid order of adoption could be made without notice to him.

Under the statute then and now existing, the petitioner had no right to notice in connection with the matter, so that the statement in her reply that she was financially and morally capable of taking care of her sister is wholly beside the point.

The court which deprived the father of his custody of the child unquestionably had jurisdiction so to do under the former section 291 of the Penal Code (Laws of 1884, chap. 46), now substantially continued in section 486 of the present Penal Law. He exercised that jurisdiction, and the result of his act was to deprive the only person who might otherwise be entitled to be heard on the subject of the adoption of any rights in this regard. If he erred in this action, the sole remedy of any person aggrieved thereby was by an · appeal from that judgment.

Whereas it is obvious from the foregoing that the application must be denied on the merits, the same result is attainable by another method. Either the original order of adoption was valid or it was wholly void as without jurisdiction. If the latter, then it was the privilege of any interested party to attack it collaterally, and it would be the duty and obligation of any court in which the question was raised to disregard the order made. (*Doey* v. *Howland Co.*, 224 N. Y. 30, 38; *Matter of Walker*, 136 id. 20, 29; *Adair* v. *Adair*, 206 App. Div. 394, 398.) The validity of an adoption may and has been questioned in many ways. The commonest method is by a habeas corpus proceeding (*People ex rel. Strohsahl* v. *Strohsahl*, 221 App. Div. 86; *Matter of Livingston*, 151 id. 1; *People ex rel. Lentino* v. *Feser*, 195 id. 90; *People ex rel. Cornelius* v. *Callan*, 69 Misc. 187; *Matter of Larson*, 31 Hun, 539; revd. on other grounds, 96 N. Y. 381), but it may also be brought on for determination in many other ways, such as an issue of status on the probate of a will. ·(*Matter of Dein*, 135 Misc. 244.)

In the present case this petitioner applied for and received administration on the estate of the adopted person in the Surrogate's Court of the Bronx. An application to vacate her letters was made by the foster mother on the ground that by reason of the adoption, the latter was solely entitled to distribution. On January 17,

1935, the learned surrogate revoked the letters to the present petitioner. Obviously the validity of the original order of adoption was the issue and the sole issue in that proceeding, and having been litigated and decided adversely to her, the question is now *res judicata* and may not again be raised by her. (*Matter of Lauderdale*, 150 Misc. 214, 215, and authorities cited.)

The application is accordingly denied, with costs.

Enter decree on notice.