# In the Matter of the Adoption of JOHN PADEN, an Infant.

Surrogate's Court, Kings County, June 29, 1943.

*Harry Roter* for William S. Eddy and another, petitioners.

*Meyer Schifrin* and *Martha K. Abrahams* for Bertha Helfrich, respondent.

McGAREY, S. Petitioners seek approval of their adoption of a child now past three years of age, over the opposition of the infant's mother, who at no time has executed any consent or adoption agreement.

The petitioners, who are the mother's sister and her husband, have had sole and exclusive custody of the infant since twelve days after his birth, when, at the mother's request, they took him from the hospital where he was born and brought him to their home, where they have reared him as their own child.

Although the examination of the petitioners upon the hearing has convinced the court that they are proper and fit persons to adopt the child and that the moral and temporal interests of the child would be promoted by such adoption, the law does not permit the court to give weight to such considerations where the rights of the natural parent are involved. While promotion of the interests of the child is essential to approval of an adoption, the natural right of the parent will not be interfered with, even to better the moral and temporal welfare of the child against the right of a parent. (*Matter of Marino,* 168 Misc. 158, 159; *Matter of Cohen,* 155 Misc. 202, 208.)

This court realizes that the Supreme Court decided adversely to the mother a habeas corpus proceeding instituted by her wherein she sought custody of the child from her sister, and believes that the Supreme Court correctly decided the issues there presented. However, different issues of fact and law confront the surrogate in an adoption proceeding. The Supreme Court was called upon to determine whether the interests of the child would be best served by changing custody, whereas this court must determine whether the evidence warrants it in completely severing all ties between the respondent and the child, as prayed for by the petitioners. (*Matter of Cohen, supra,* p. 205.) Where custody alone is the issue, the welfare of the child might be controlling, but where, as here, the proceeding involves the severance of blood ties, other factors must be considered. (*Matter of Bistany,* 239 N. Y. 19, 24; *Matter of Livingston,* 151 App. Div. 1, 7; *Matter of Anonymous,* 178 Misc. 142, 147.)

A proceeding for adoption was unknown at common law. It came into existence by statutory enactment. Being statutory in nature, an adoption may be consummated only in the manner prescribed by the statute (*Matter of Thorne,* 155 N. Y. 140, 143; *Matter of MacRae,* 189 N. Y. 142, 143; *Matter of Davis,* 142 Misc. 681, 688), and the petitioners cannot prevail unless they have complied substantially with its provisions. (*Matter of Cohen, supra; Matter of Marks,* 159 Misc. 348, 350; *Matter of Bamber,* 147 Misc. 712, 714; *Murphy* v. *Brooks,* 120 Misc. 704; *Matter of Monroe,* 132 Misc. 279, 281; *Matter of Ziegler,* 82 Misc. 346, affd. 161 App. Div. 589; *Matter of Anonymous, supra.*)

The sections of the Domestic Relations Law applicable herein provide that the consent of the parents or parent of a child is required, but such " consent shall not be required of a parent who has abandoned the child * * * " (§ 111); that where the child to be adopted is under eighteen years of age, no order may be made unless the child has resided with the foster parents for at least six months unless such residence is dispensed with by the surrogate (§ 112, subd. 7); and the necessary parties must appear personally before the surrogate and execute in his presence the required papers, including the consent of the parent (§ 112, subd. 2). Provision is made for dispensing with the personal appearance of the parent whose consent is necessary to the adoption, where such parent has executed a consent to the adoption in the prescribed form (§ 112, subd. 5).

In this case the petitioners have substantially complied with all of these statutory prerequisites other than the consent of the natural mother, which she refuses to execute. If the facts demonstrate that respondent did not abandon the child, the adoption may not be granted without her consent (*Matter of Livingston, supra*). If, on the other hand, they warrant a finding of abandonment, her consent is unnecessary (*People ex rel. Pickle* v. *Pickle,* 215 App. Div. 38, 44; *Matter of Davis,* 142 Misc. 681, 689, *supra*).

The burden of proof on the issue of abandonment is on the petitioners herein. Whether or not the petitioners have sustained their burden upon the evidence adduced at the hearing is wholly dependent upon the meaning of the word " abandonment " as contemplated by the Legislature when it enacted the adoption statutes and the treatment accorded to it by the courts.

The term " abandonment " means neglect and refusal to perform the natural and legal obligations of care and support. If a parent withholds her presence, her love, her care, the opportunity to display filial affection, and neglects to lend support and maintenance, such a parent relinquishes all parental claim, and abandons the child. (*Matter of Hayford,* 109 Misc. 479, 481; *Matter of Dein,* 135 Misc. 244, 246.) The abandonment continues until the situation is reversed and such care and support are resumed. (*Matter of Davis, supra,* p. 681.)

The fact that equities may exist in favor of those seeking adoption is not enough because the courts are reluctant to sever finally the tie between a parent and child. (*Matter of Norris,* 157 Misc. 333, 335.) To warrant a severance of blood ties, the abandonment must be absolute and unequivocal. (*People ex rel. Pickle* v. *Pickle, supra; Matter of Davis, supra;*

*Matter of Cohen, supra; Matter of Anonymous, supra.*) That the parent may have foolishly delayed or weakly hesitated or may have drifted into a situation in which her desires or expectations were open to misconception or may even have experimented a little to test her own feelings is not enough. Her acts must be so unequivocal as to bear one interpretation and one only, namely, an intention to abandon the child. (*Matter of Bistany,* 239 N. Y. 19, 24, *supra.*)

It has been held as the policy of the State of New York that in order to grant a petition for adoption without the consent and over the objection of a parent, it must be shown that such parent has abandoned the child, so that the consent was unnecessary, by such evidence that, even though the parents be given the benefit of every controverted fact, a finding of abandonment follows as an inference of law. (*Matter of Bistany, supra.*) There it was held that the silence and inaction of the parent refusing consent must be prolonged to such a point that the intention to abandon the child must be inferred as matter of law.

A different situation might be presented if the parent had executed the written consent required by section 112 of the Domestic Relations Law.

Applying these principles to this case, the court reluctantly holds upon the record that the petitioners have not sustained the burden, which was theirs, of proving an abandonment of the child by the respondent. The application for adoption is denied.

Proceed accordingly.