John D. Bennett, S.
In these two adoption proceedings, the petitioner is the present hnshand of the mother who divorced the natural father in 1954. The natural father contests the proceeding and joins issue on the question of abandonment by him of the children. Unless the question of abandonment be resolved in favor of the petitioner, the application must be denied in the absence of a consent from the father (Domestic Relations Law, § 111).
The facts show that the contestant and his former wife executed a separation agreement dated September 18, 1953, which was later incorporated into a divorce decree the following year. Under the agreement of separation the natural father was afforded “physical custody” of the children during the summer vacation period and other school recesses, notably Christmas and Easter.
Commencing with the Christmas recess in 1953, respondent regularly made the trip from Texas, where he was a resident, to obtain the children, take them back to Texas and later return them to New York. This state of affairs continued until the early part of 1956 when, at the behest of the mother, negotiations were commenced with a view toward curtailment of the respondent’s rights of visitation, to which he apparently reluctantly agreed. The infants visited their father in Texas for the last time during the summer of 1956. A letter sent by the older infant to his father prior to Christmas, 1956, expressed his desire to remain in New York for that holiday and to be with his father the following Easter instead. However, a letter sent by the mother in April, 1957, informed the respondent of an impending operation on one of the children and the inadvisability of their going to Texas for Easter. Again, prior to the summer vacation period of 1957, another letter sent to the respondent stated in effect that it would be best that the father not call for the children for the summer period. Part of the letter reads: “ The boys have their roots here, their friends and their home. They are so happy and I think its to their advantage both mentally and physically that you don’t upset their routine. They are both calm and contented and well adjusted. I believe the change will upset them again as it has in the past. Im sure you agree that they cannot go this summer.”
In the early part of the following year, 1958, the mother retained counsel with a view towards commencing this proceeding based upon the abandonment of the respondent.
It has been respondent’s continued position that the actions by the mother and her present husband have been part of a *1012 consistent pattern to whittle away the visitation rights of the father. Whether this accusation is justified it is not necessary to decide. As previously stated, the petitioner must demonstrate abandonment on the part of the respondent. The burden of this proof is his (Matter of Paden, 181 Misc. 1025; Matter of Marks, 159 Misc. 348; Matter of Anonymous, 85 N. Y. S. 2d 358).
As to the elements constituting abandonment, Matter of Davis (142 Misc. 681, 691) states: ‘‘ Adjudications on this subject are comparatively few in number, but two authorities particularly pertinent on both the facts and law are People ex rel. Lentino v. Feser (195 App. Div. 90) and Winans v. Luppie (47 N. J. Eq. 302). In the latter case the court makes the following apposite observations (at p. 304): ‘ The statutory notion of abandonment does not necessarily, we think, imply that the parent has deserted the child, or even ceased to feel any concern for its interests. It fairly may, and in our judgment does, import any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child. * * * ’ ”
Certainly it cannot be said that respondent has demonstrated a settled purpose to forego all parental interest in the infants. Although he is required by the separation agreement to contribute $28.85 per week to the support of the children, and has failed to do so since the beginning of 1957, the court, upon all the evidence, is convinced of his financial inability to comply with this requirement. Respondent’s earnings have apparently never been adequate even prior to his separation from his former wife. They have not substantially improved and if anything they have deteriorated. He still has the duty to resume support when possible. However, under the circumstances, the court is of the opinion that this father has attempted to live within the confines of his curtailed relations with the children. The children were never in jeopardy, but on the contrary, have received the best of care. According to respondent’s testimony, no demand was ever made upon him by his former wife to resume Ms discontinued support payments. In any event, the sum total of the evidence does not add up to an abandonment. Here are not present the facts in Matter of Anonymous (9 Misc 2d 420) where an abandonment was shown and in addition the separation agreement contained a consent to adoption by the father. Neither is there here an equivalent showing of such disregard of parental duties as was held by this court in Matter of Anonymous (13 Misc 2d 653) to constitute an abandonment.
*1013 This case, of course, again brings into focus one of the most trying and difficult situations this court can deal with. What is presented are children, the subject matter of the proceeding, faced with a double image as a father. No solution is completely satisfactory to either side, and of course only unequivocal and absolute abandonment by the father warrants a severance of blood ties (Matter of Bistany. 239 N. Y. 19; Matter of Anonymous, 13 Misc 2d 653, supra; Matter of Norris, 157 Misc. 333).
Under all the circnmstances the court finds that the petitioner has not sustained the burden of proof as to abandonment (Matter of Willing, 271 App. Div. 935, affd. 298 N. Y. 566).
Petitions denied.
Settle orders on five days’ notice.