George B. Parsons, J.
A petition having been made before this court for the adoption of Darlene Toy, a minor child, by Richard Roe and Eva Roe, his wife, and at the same time a petition having been made for the adoption of Deborah Jean Toy, a minor child, by Achille D. Doe and Ruby M. Doe, his wife; and notice having been given to the natural mother of the child, Betty Toy, and attorney Carl Katz appearing for the Roes, and attorney John C. Carmer, Jr., appearing for the Does, and an objection having been raised by the said natural mother to the adoption, a joint hearing on both matters was held in this court on June 23, 1959. The said Betty Toy was represented by attorney Stephen Joy of Rochester. The proposed adoptive parents were sworn, examined and cross-examined before the court. The natural mother, Betty Toy, appeared and was examined by her attorney and cross-examined by the attorneys for the proposed adopting parents. This court has read the memoranda of law presented to it and having read cases and references given to the court by the interested parties, as listed and attached hereto, now, therefore, it has been decided by the court pursuant to this hearing and after thorough examination as to facts and law, that the objections raised by the natural mother, Miss Betty Toy, through her attorney, Mr. Stephen Joy, are dismissed on the following grounds:
On June 19, 1956, Honorable Earl W. Tabor, Wayne County Children’s Court Judge made an order finding Betty Toy guilty of neglect according to the Children’s Court Act, which order further stated that “ The said Debra [Toy] and Darlene [Toy] are forthwith discharged to the care, custody and supervision of the Commissioner of Social Welfare of the County of Wayne ”.
The court had before it as an exhibit the order of the Children’s Court and having read the same together with the files of the case, rules that this order judicially deprived Betty Toy of the custody of both Deborah and Darlene, her infant children.
The testimony before the court by both the proposed parents and the natural mother in of itself conclusively, in the court’s opinion, showed that these children were receiving the proper and loving care and attention that they should have from natural parents which is and has been given to them faithfully by Mr. & Mrs. Roe and Mr. & Mrs. Doe. The natural mother showed during the course of the hearing that her interest in preventing this adoption is not based on true motherly love. If there were any motherly love in this person it has been very much, by her own testimony, in absentia. She wrote a great number of letters to the Welfare Department about these children but they were all *91 written while she was in jail. She has never by her own admission sent a present, a token, a postcard or anything else to these children. When she returned from jail she knew that she had a right to visit these children and during all this time she never came down to see them but once, and that, from the testimony, appeared to be a most perfunctory visit. It certainly was not enough to indicate that she has a right to deprive these children of excellent Christian homes lives with good Christian adoptive parents. This Miss Toy could have found transportation to get down and see these children if her motherly love was strong enough. It certainly was not the duty of either the Roes or the Does to find or send for this mother, the children were very happy and contented with them and they with the children. Miss Toy testified herself that just once, in October, 1957, she wrote that she was coming down to see them in November, she failed to do so. She seemed to feel that the Welfare Department should mother these children and inform her of their health and happiness. She made no effort on her part to see or find out about it, nor to do one single act of motherly affection or concern to give this court evidence of any reason to consider her to be a proper mother to return these children to. In the single call that she did make, by the evidence presented, including her own, it is apparent to the court that she never did indicate any motherly affection even at that time. During one period this woman made $900 in three months. None of this was used to get her down to see the children. None of it was used to help support or take care of the children. None of it was used for even the slightest trinket or postcard for these children. By the testimony of the Welfare Department she was never denied the right to see these children, to write to them, or to give any normal motherly attention to them even in absentia. This she failed to do, and her own evidence clearly shows that.
It is the opinion of this court from the evidence of even the mother herself that she is objecting to this adoption only because of some selfish reason to keep for herself the right of being their mother, but let others raise and be responsible for and love them. She even said in open court that they were now in good homes and that she had no objection to them being there but she just did not want them adopted. The court believes that subdivision 4 of section 111 of the Domestic Relations Law governs here, which says that the consent shall not be required of a parent who has been judicially deprived of the custody of the child on account of cruelty or neglect. The court has gone further and held a hearing to establish all the facts.
*92 In spite of this law this parent was given notice and given an opportunity in open court to establish her right to object to this adoption. She established no such right, but rather the contrary. It would be a travesty on the jurisprudence of this State which has set up courts to protect children and to see that they have proper homes, care and proper parents, if these objections were allowed to prevail and these adoptions not made.
Therefore, the petition of Richard Roe and Eva Roe, his wife, for the adoption of Darlene Toy, a minor child, is allowed, and adoption by them approved. An order to this effect may be entered.
The petition of Achille D. Doe and Ruby M. Doe, his wife, for the adoption of Deborah Jean Toy, a minor child, is allowed, and adoption by them approved. An order to this effect may be entered.
Attached hereto and made a part of this record are the cases and law read by the court before decision.
The following cases and references were studied by the court in addition to listening ■ to and reviewing the evidence:
Matter of Anonymous (85 N. Y. S. 2d 358); Matter of Anonymous (10 Misc 2d 1076); Matter of Antonopulos (171 App. Div. 659); Matter of Connolly (154 Misc. 672); Matter of Davison (44 N. Y. S. 2d 763); Matter of Anonymous (85 N. Y. S. 2d 358); Matter of Davis (142 Misc. 681) and section 111 of the Domestic Relations Law of New York and the annotations thereunder.