Edgar F. Hazleton, S.
This proceeding concerns the adoption of a child by its mother and stepfather. There has been a divorce. The first husband, who is the natural father of the child, objects. The child is five years old. The petitioners pray that the adoption be granted because the father of the little girl has abandoned her, and that is the sole question this court has to consider. Of course, what constitutes abandonment of a child by the father fortunately has been laid down by our appellate courts in unmistakable language. The burden of proof rests upon the party claiming abandonment and “ only unequivocal and absolute abandonment by the father creates a severance of blood ties ”. (Matter of Anonymous, 16 Misc 2d 1010, 1013.) All pertinent precedents are contained in this decision of Surrogate Bennett.
The undisputed facts are that the respondent father of the child and its mother were married in April of 1953. Their child was born on August 3, 1954. The parents separated in October of 1955 and thereafter executed a separation agreement, dated September 11, 1956, providing that although the mother was to have custody of the child, the father was to contribute to his daughter’s support and was to enjoy the right of visitation. The mother, in December of 1958, flew to Mexico and obtained a quick divorce. However, the Mexican divorce did not alter the separation agreement previously entered into.
In March, 1959 the mother married her second husband who now seeks with her consent to adopt her.child. He did not take the stand to testify. I do not believe he cares one way or the other. It is his wife, the mother of the child, who is the dominant character in this attempt to have her second husband become the foster father of her child. If this were accomplished, she would succeed in preventing her first husband from seeing his child even though she stipulated to such arrangement in the separation agreement which still stands. She admits she has *54 never wanted the father to see his child since the couple separated.
Anent the evidence, it is clear that each time the father called to see his daughter, the former wife did everything but throw him out of the home of her parents ■ — with whom she and the child lived. And it is significant that these parents were not called to testify. This mother would not so much as accept the presents which her child’s father broug’ht for Christmas and other times. She made him put them down in the cellar. And she did not so much as let the child’s father take a Christmas picture of his daughter. This is enough to show the attitude of this woman.
The overwhelming preponderance of the believable evidence convinces this court that the father never had abandoned his child and has no intention of doing so. He continues to make the payments provided in the separation agreement. He tries to visit his daughter in the face of the rude opposition of the mother, which, by the way, she admitted to upon the stand. Pie remembers the child at Christmas and other times. He has even set up two savings bank accounts for her. Need there be more to show he has love and affection for his offspring 1
The petitioners have not only failed to establish that the respondent father has abandoned his child, but the evidence presented in support of the alleged abandonment is so weak that I am of the opinion that this proceeding should never have been brought.
The petition for adoption is, therefore, denied.
Proceed accordingly on notice.