John D. Bennett, S.
In this adoption proceeding the petitioner, the present husband of the natural mother, seeks to adopt the children without the consent of the father, alleging the latter’s abandonment of the children (Domestic Relations Law, § 111).
After the conclusion of the hearing and before any determination, the present motion to reopen the hearing for further proof was made by the petitioner.
In essence, the basis of the motion is the discovery by the petitioner after the hearing of the natural father’s guilt of the crime of possessing a narcotic, specifically marijuana, in *263 the State of California. The crime is apparently a felony in that State according to the exemplified copy of the judgment, but is generally only a misdemeanor in this State in the absence of the possessor’s actual or apparent intent to sell, barter, exchange or give the narcotics away (Marks and Paperno, Criminal Law in New York, § 298, p. 386).
A motion to reopen a case for further proof is addressed to the discretion of the court, and should be granted if dictated in the interests of justice. However, the evidence must be such as will materially aid in the presentation and determination of the case (6 Carmody-W ait, New York Practice, pp. 719, 720). In petitioner’s moving papers he urges that the evidence contained in the record of conviction, including the probation report attached thereto, has a direct bearing upon the character of the respondent. In effect the petitioner’s general purpose in seeking to adduce further proof is to attack the credibility of the respondent with respect to certain testimony given by him at the hearing. The probation report contains a statement that the respondent said he was in good health, having never suffered from any serious illness, and further that he was employed (in April of 1961) and had been similarly employed beginning in September, 1961 (apparently a typographical error, intending instead 1960).
By this evidence the petitioner seeks to rebut the testimony of the respondent, that for this period he was unable to make the required support payments for the children. The probation report, however, nowhere says that the respondent stated he was continually employed during this period. Although there may be a possibility of some slight contradiction between what respondent told the probation officer and his testimony here, and further assuming such facts were established by competent testimony and not merely by the probation officer’s report, the court is of the opinion that the determination of this proceeding would not be materially affected by such further proof. Accordingly the motion to reopen the hearing for further proof is denied, and the proceeding determined on the present state of the record.
Respondent and his former wife were married in 1949. The two children, the subject of this proceeding, are the sole issue of that marriage. The marriage terminated in a separation agreement in July, 1959, followed by a Mexican divorce in November, 1958, wherein the terms of the separation agreement by which the respondent was obliged to pay $25 per week for the support of the children, was incorporated. Following the divorce the respondent departed for California in November, *264 1958. In January, 1959 the natural mother married the petitioner and has since adopted his three children by a previous marriage.
The natural mother testified that, following the separation, the respondent made no support payments from July, 1958 to June, 1959, other than in May, 1959 and possibly in February of that year. In June, 1959 the house in which they formerly resided as husband and wife was sold, and the arrears of support payments were deducted from the respondent’s share of the proceeds before remittance was made to him in California. After June, 1959 all parties agree that support payments were made fully even though sporadically, until August, 1960. After August, 1960 no payments were received until May and June of 1961, subsequent to the commencement of this proceeding.
In June, 1960 the respondent returned to New York, and shortly thereafter visited his former wife and her present husband. At that time the respondent took serious objection to the registration of one of his children in school under the present husband’s name, and to the children’s reference to him as “ uncle The latter fiction was admittedly inspired by the mother to avoid confusion in the minds of the children. The mother also admits progressive rigidity in allowing visitation during this period, because of what she felt was the unhealthy atmosphere the children were experiencing in the company of their father and of the people with whom he was associating. This accumulation of hard feelings led to the respondent’s commencement of a habeas corpus proceeding in which he obtained definite visitation rights, including a 30-day period during the Summer recess, plus a direction that the children retain the father’s surname. In the order visitation was not made conditional upon support payments being made.
The next period is probably the most crucial in the interrelationships of these individuals struggling on the one hand with the natural desire of the mother to crystalize a new family unit out of the shattered remnants of the former one, and on the other with the respondent’s inherent paternal right to be with and enjoy the presence of his children. The period culminated in an abortive attempt by the father to exercise his 30-day visitation period in a resort area in upstate New York. Before the second week was over the mother and petitioner had made two visits there, as they stated to calm the children who were allegedly upset by the change but as the father contends, to thwart this exclusive period of visitation. Wherever the truth may lie, suffice it to say the intended vacation period ended in hopeless bitterness. The petitioner and his wife claim the *265 father abruptly terminated his visitation and left the resort, in effect abandoning his children. The father claims the presence of the petitioner and his wife made his visitation impossible of performance. Exhibit 5 in evidence, a letter signed by the respondent which the mother admits is substantially similar to a copy received by her at the resort, embodies the gist of why the respondent abruptly terminated his visitation and departed again for California a short time later.
Following the return of respondent to California in August, 1960, no support payments were thereafter received until subsequent to the commencement of this proceeding. Although the mother is less than clear on the subject of birthday gifts and when they were made, she admits gifts were made in 1959 and 1960, and the petitioner believes there was a birthday gift subsequent to his final departure for California in August, 1960. The mother recalls a telephone call on February 25, 1961, made by the respondent, but said that she refused the respondent permission to speak to his daughter until arrears in support were made. On these facts the petitioner asks this court to find an abandonment. The burden of this proof is his. Abandonment is generally any conduct on the part of a parent which evinces a settled purpose to forego all parental claims to the child (Matter of Anonymous, 16 Misc 2d 1010, and cases there cited).
The petitioner stresses the fact that from August, 1960 until after the commencement of this proceeding, no support payments were made. Failure to support however is only one of the indicia of abandonment. The respondent maintains that financial inability prevented him from making the required payments. As stated above the court does not believe that the proposed proof would materially refute the respondent’s position. An affidavit of the mother filed in the proceeding approximates the support payment arrears at $700. To say that this relatively small sum should weigh so heavily as to result in a determination severing the relationship between this respondent and his children, especially when he has made considerable effort to demonstrate his unqualified opposition to any infringement on his parental rights, would certainly be unwarranted under the circumstances.
Although the court is not hereby excusing the respondent from his absolute responsibility to aid in the support of these children, the evidence certainly does not indicate a settled purpose on his part to forego his status as the parent of these children. In the absence of a showing of abandonment, the welfare of these children is not in issue. The petition is accordingly dismissed.