W. Vincent Grady, S.
Application has been made to this court for the approval of the adoption of one David born May 19,1949 by Bruce and Jean, his wife.
Jean, one of the petitioners, is the natural mother, and Lewis is the natural father of said child.
Notice was given to Lewis of the proposed adoption at Wellsville, N. Y. and he appeared in opposition thereto.
Jean and Lewis, the natural parents of said child, entered into an agreement dated June 3, 1957 wherein Jean was given the custody and control of David with the right of visitation by Lewis at all reasonable times. By the agreement Jean assumed *325 and agreed to provide for the support and maintenance of said child while living with her. That subsequent to this agreement a decree of divorce was granted to Jean against Lewis in the Second Judicial District Court of the State of Nevada, County of Washoe, on the grounds of extreme mental cruelty, wherein the written agreement heretofore referred to was confirmed and approved by the court and it was continued and survived the entry of the decree and was not merged therein.
Jean married Bruce in June, 1957 following her divorce from Lewis and David has been living with his mother and his stepfather since that date.
Petitioners allege that the natural father, Lewis has abandoned and neglected to support his son, David, since June 6, 1957, and therefore his consent to the adoption is not required under section 111 of the Domestic Relations Law.
Lewis testified that he never abandoned his child and has sent cards to him on all birthdays, Christmas and other holidays and also has forwarded gifts to the child. He further testified that the child has visited with him and his mother on numerous occasions since the divorce. He admits that he has not paid any money for the support of the child because of the specific terms of the agreement which was incorporated into the divorce papers wherein and whereby the petitioner Jean agreed that she would support the child while he was residing with her.
“ Abandonment ” of a child consists of any conduct by a parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child. (Matter of Farquharson, 102 N. Y. S. 2d 230.)
Abandonment of child, within this section (Domestic Relations Law, § 111) authorizing adoption of abandoned child without natural parents’ consent, means neglect and refusal to perform natural and legal obligations of care and support, withholding of parents’ presence, love, care and opportunity to display filial affection, neglect to lend support and maintenance to child, or any conduct of parent which evidences settled purposes to forego all parental duties and relinquish all parental claims to child. (Matter of Davison, 44 N. Y. S. 2d 763.)
In view of these and many authorities on the subject of abandonment, it is the conclusion of this court after hearing the testimony, that Lewis has not abandoned his child, David, and his consent to the adoption will be required pursuant to section 111 of the Domestic Relations Law. Application denied and petition dismissed.