Alton J. Wightman, J.
Robert J. Favro and Patricia Ann (Favro) Lundergan were married in Cattaraugus County, New York, on June 24, 1946 and lived together as husband and wife until they separated in March, 1961. There were three children born of this marriage. The petitioners are seeking to adopt two of these children, namely: Melody Ann Favro, born January 2, 1957, and Cheryl Lynn Favro, born May 17, 1958. Patricia Ann (Favro) Lundergan obtained a divorce against Robert J. Favro on the grounds of his adultery, on November 1, 1961. Subsequently, and on September 10, 1962, said Patricia Ann Favro and Loren D. Lundergan were married and are now living together as husband and wife. Respondent Robert J. Favro has also remarried.
The decree of divorce awarded the custody of the three children of the marriage to the mother, Patricia Ann (Favro) Lundergan, with the right of visitation to the respondent, Robert J. Favro, at all reasonable times and directed him to make weekly payments towards their support.
After the divorce, and in the year 1961, respondent Robert J. Favro gave Melody a bicycle and Cheryl a tricycle. In 1962 he bought them snowsuits and they stayed with him two weeks of their Christmas vacation. In the Fall of 1963 he went to the home of the proposed foster parents to take the children to his home for the week end, but they were not able to go because they had chickenpox. He gave them some money at that time. In *465 the year 1964 he again had the children in his home during the two weeks of Easter vacation. He worked intermittently during this period of time and did not fully comply with the court orders directing him to make weekly payments for the support of the children, but did make some payments. In 1962 the payments approximated $1,000 and in 1963 the payments approximated $600.
Pursuant to section 111 of the Domestic Relations Law, the petitioners gave notice to the respondent of the proposed adoption, but did not obtain his consent to the adoption because of the provision contained in section 111 to the effect that where a natural parent has been divorced by reason of his or her adultery, such consent is not required. The respondent father, however, appeared and interposed an answer and objected to the adoption in order that his rights as the natural father of the children might be preserved.
From a study of the many court decisions expressing conflicting views in the interpretation of this statute, it appears that the weight of authority requires that dispensing with consent will depend upon other factors (Matter of Spinney, 9 Misc 2d 587; Matter of Anonymous, 13 A D 2d 885). It seems apparent that section 111 cannot be literally and strictly construed; for instance: there are many occasions where a wife has been divorced because of her adultery and for good and sufficient reason has retained custody of her children. It is inconceivable to read the statute to make her consent unnecessary and thereby sever the relations of mother and child at the instance of a stepmother, a total stranger. Such a situation could not have been intended by the Legislature in enacting this statute.
The petitioners further contend that the respondent, the natural father, has abandoned the children within the meaning of section 111 of the Domestic Relations Law.
The Court of Appeals has said that abandonment consists of any conduct which evidences a settled purpose to be rid of all parental obligations and forego all parental rights (Matter of Maxwell, 4 N Y 2d 429). Where a father had not paid any moneys for the support of his child, but sent the child cards and gifts on holidays and birthdays, there was no abandonment and his consent to the adoption was required (Matter of Anonymous, 31 Misc 2d 324). Where a father gave sole custody and control of the child to his wife in consideration of her waiving support for herself and the child, but nevertheless did make certain payments for a time and did visit the child spasmodically, consent was required (Matter of Anonymous, 23 Misc 2d 577). *466 In another case it was held that a father did not abandon his children by moving to Texas and by becoming financially unable to pay the support required by a separation agreement, and that only an unequivocal and absolute abandonment will warrant a severance of blood ties (Matter of Anonymous, 16 Misc 2d 1010).
The burden of establishing abandonment is on the one petitioning for adoption (Matter of Anonymous, 31 Misc 2d 262; Matter of Porras, 13 A D 2d 239). This burden must be established by clear and convincing evidence (Matter of Willing, 271 App. Div. 935, affd. 298 N. Y. 566).
Under all the circumstances, this court finds that the petitioners have not sustained the burden of the proof as to abandonment, and the petition is accordingly dismissed and the application denied on the law and the facts.