■ In the Matter of ABRAHAM L., a Minor. MORRIS A. S., Respondent; ISAAC L., Appellant.—In an adoption proceeding, the appeal is from an order of the Surrogate's Court, Queens County, dated November 17, 1975, which denied appellant's motion (1) for summary judgment and (2) to direct petitioner and his wife to permit him reasonable visitation with his son. Order affirmed, without costs or disbursements. Petitioner's wife and appellant are the parents of Abraham L. They separated shortly after the birth of their son in 1960 and were subsequently divorced. In the period from October, 1960 until December, 1966, appellant made no effort to visit or communicate with his son and did not provide any support payments. It should be noted, however, that the mother never requested any support payments and that the boy was well cared for by petitioner and his wife. Throughout that period, appellant was undergoing, on a regular basis, private psychiatric treatment including, from 1960-1964, shock therapy. During that same period, however, he regularly visited members of his family, attended religious services and, for a time, operated a business. In December, 1966 he was hospitalized; his condition was diagnosed as schizophrenia, catatonic type; since his discharge in April, 1967 he has been seeing his physician two times a year. Since 1967 appellant has attempted both personally and also through members of his family, the mother's family and the Jewish court, to obtain visitation rights with his son. Appellant has only seen his son during two unauthorized visits in the boy's schoolyard. The mother has discouraged, if not prohibited, visitation, claiming that the boy does not wish to see his father. Because his efforts to obtain visitation rights proved unavailing, appellant retained counsel. Soon thereafter, petitioner commenced the instant proceeding to adopt the boy. Petitioner requested that the required consent of the natural father be dispensed with on the ground that appellant had abandoned his son (see Domestic Relations Law, § 111). Appellant moved for summary judgment and for an order permitting reasonable visitation. The burden of proving

abandonment by "clear and convincing evidence" is upon petitioner (see *Matter of Favro [Lundergan]*, 44 Misc 2d 464, 466). Abandonment has been defined in the same manner on several occasions by our Court of Appeals, most recently in *Matter of Susan W. v Talbot G.* (34 NY2d 76, 80): "Thus, abandonment can be made out only from 'a settled purpose to be rid of all parental obligations and to forego all parental rights' * * * there must be a complete 'repudiation of [parent]hood and an abandonment of [parental] rights and responsibilities' * * *. Even where the flame of parental interest is reduced to a flicker the courts may not properly intervene to dissolve the parentage. The relationship between minor children and their natural parents is jealously guarded". (Bracketed matter in original.) Subsequent to the Surrogate's decision in this proceeding, section 111 of the Domestic Relations Law was amended to provide: "For the purposes of this section, evidence of insubstantial and infrequent contacts by a parent with his or her child shall not, of itself, be sufficient as a matter of law to preclude a finding that such parent has abandoned such child." However, it has been held that this amendment does not change the basic criteria enunciated in *Matter of Susan W. v Talbot G. (supra)* for establishing abandonment (*Matter of Rutkowsky*, NYLJ, Feb. 23, 1976, p 11, cols 4-5; *Matter of Anonymous*, 86 Misc 2d 93). While it is readily apparent that the barriers to proving abandonment are considerable, a review of the record herein, nevertheless, clearly discloses that there exists at least one genuine issue of fact which precludes the granting of summary judgment in this case— namely, whether appellant's emotional condition in the period from 1960 to 1966 was of such a nature as would excuse his failure to visit or communicate with his son. Turning to the question of visitation, we hold that, given the Surrogate's broad equitable powers (see SCPA 209, subds 9, 10), it is within his jurisdiction to enter an order of visitation in this proceeding (see *Matter of Raana Beth N.*, 78 Misc 2d 105, 110-111). However, the Surrogate is bound by the rule that "The issue of visitation, like that of custody, may not be determined on the basis of recriminatory and controverted affidavits, *but only after a full and plenary hearing" (Kresnicka v Kresnicka*, 48 AD2d 929; emphasis supplied). Since the abandonment and visitation issues in this proceeding are closely related, we are of the view that the latter issue should not be determined until after the trial has been held. This case should be promptly tried. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.