OPINION OF THE COURT
William J. Regan, S.
A petition for the adoption of the infant, Phaelon Hohn Wang, was submitted to this court by Kenneth R. Silva and *218 Nelda H. Silva, his wife, requesting that they be permitted to adopt the infant, who is the natural son of petitioner Nelda H. Silva. The respondent, the natural father of the infant, objects to the adoption and refuses to consent to same. The infant was the lawful issue of the marriage between the respondent and the petitioning foster parent, Nelda H. Silva.
A hearing was had with regard to the issue of whether or not the respondent’s consent was necessary by virtue of the fact that petitioners maintained that he had abandoned the infant. Testimony elicited at the hearing was to the effect that shortly after the divorce between the aforesaid parties (October, 1975), the respondent moved to Florida because of a job opportunity with his brother-in-law. Respondent testified that he lived with his brother-in-law for a short period of time and received expense money only for his employment and that the business of his brother-in-law was somewhat slow. It became necessary for the respondent in August of 1976 to vacate his brother-in-law’s apartment and obtain his own accommodations due to the fact that the mother of his brother-in-law was moving in. At this point, therefore, his expenses substantially increased.
Even though the respondent was financially unable to contribute substantially to the support of his child, support payments were in fact made for the year of 1976. The only period the respondent failed to make support payments commenced with his increased expenses in obtaining his own apartment. The evidence was further established that the respondent began payments as soon as he was financially able, and that said payments commenced prior to any notice of this pending proceeding.
Uncontradicted testimony was also given establishing that the respondent visited his child for at least four days in August of 1976, as well as telephone communication at least three times during that year. In August of 1977 respondent again visited his son for a period of three times and communicated with him on the telephone approximately three times. It should be noted that the visitation made by the respondent was done during his vacation. Respondent further sent birthday and Christmas cards and toys to his son on said occasions.
The subjective intent the respondent possessed, expressed or otherwise, toward his child "shall not preclude a determination that the consent of such parent or other person to the *219 child’s adoption shall not be required.” (Domestic Relations Law, § 111, subd 6, par [c].) The Court of Appeals in Matter of Corey L v Martin L (45 NY2d 383), decided July 13, 1978, stated therein that, despite recent changes in statutory law, a heavy burden of constitutional magnitude remains on one who would terminate the rights of a natural parent through adoption. The court recognizes that although the amendments to section 111 of the Domestic Relations Law were designed to override the "flicker of interest” test and thereby ease the burden on the party seeking to prove abandonment, that the court must continue nevertheless to respect constitutional limitations on the procedures for termination or deprivation of parental rights. (Matter of Susan W. v Talbot G., 34 NY2d 76; Matter of Goldman, 41 NY2d 894; Matter of Bennett v Jeffreys, 40 NY2d 543.)
"The statutory alteration under review seeks to overcome an impediment to termination of parental rights, but this provision becomes operative only if a finding of abandonment is thwarted because of a 'flicker of interest’ resulting merely from infrequent contact with the child. Analysis of the evidence should not begin with this amendment since it has no application to the court’s initial evaluation of the circumstances, and it should not be employed until the court is fully satisfied that there has been an abandonment but for some insignificant contact with the child. The basic principles have not been abrogated (see Matter of Abraham L., 53 AD2d 669, 670; cf. Matter of Bennett v Jeffreys, 40 NY2d 543, 548, supra). In other words, the statute does not, and probably could not, mandate a conclusion that insubstantial visitation, ipso facto, constitutes abandonment, but only advises that such infrequent contact shall not be sufficient as a matter of law to preclude a finding by the court.” (Matter of Corey L v Martin L, 45 NY2d 383, 389-390, supra.)
Based on the record on the hearing had before this court, a determination of abandonment is unwarranted. The record establishes that the respondent did in fact make support payments for his son, did in fact visit his son, did in fact converse with his son and/or mother during this period of time, did in fact send Christmas cards, birthday cards and gifts to his son on these occasions and in general the respondent’s entire conduct toward his child was not one of abandonment, but rather one of concern and of love and affection. To infer from the record that the respondent’s conduct was of *220 such a nature to divest him of parental ties with his son would be totally unwarranted.
The failure to furnish support, though significant, is not determinative and properly may be explained. (See Matter of Susan W. v Talbot G., supra; Matter of Bistany, 239 NY 19.) The record is clear that the respondent did in fact make support payments when he was financially able and made every effort to fulfill his obligation. The respondent of course cannot ignore his duty to support, but his failure in this instance is not of such gravity as to constitute abandonment.
"Absent consent, the first focus here was on the issue of abandonment since neither decisional rule nor statute can bring the relationship to an end because someone else might rear the child in a more satisfactory fashion (cf. Matter of Bennett v Jeffreys, 40 NY2d 543, 548, supra). Abandonment, as it pertains to adoption, relates to such conduct on the part of a parent as evinces a purposeful ridding of parental obligations and the foregoing of parental rights — a withholding of interest, presence, affection, care and support. The best interests of the child, as such, is not an ingredient of that conduct and is not involved in this threshold question. While promotion of the best interests of the child is essential to ultimate approval of the adoption application, such interests cannot act as a substitute for a finding of abandonment (see Matter of Paden, 181 Misc 1025, 1027; 2 NY Jur, Adoption, §2, p 5).” (Matter of Corey L v Martin L, 45 NY2d 383, 391, supra.)
Based, therefore, on the record of the hearing, it is the decision of this court that the respondent herein did not in fact abandon his son and that therefore the petition to adopt must be dismissed without prejudice to the petitioners to renew their application at some subsequent date.