HENRY W. UNGER et al., as Surviving Executors of and
Trustees under the Will of BENNO LOEWY, Deceased,
Respondents, v. ISABELLA LOEWY et al., Respondents,
and CORNELL UNIVERSITY, Appellant.

**Will — Decedent Estate Law — educational institutions
within provision of section 17, forbidding bequest of more
than half of estate by person having husband, wife, child or
parent — provision in lieu of dower — failure of part of gift
to educational institution does not make whole void where
main purpose of testator may still be accomplished.**

1. Cornell University, Johns Hopkins University and Leland Stan-
ford, Jr., University come within the provisions of section 17 of the
Decedent Estate Law (Cons. Laws, ch. 13), forbidding any person
having a husband, wife, child or parent devising or bequeathing to
any benevolent, charitable, literary, scientific, religious or missionary
society, association or corporation more than one-half part of his or
her estate after payment of debts and making such a devise or bequest
valid to the extent of one-half only.

2. Where testator by his will made provision for his wife " in lieu
of dower " she may or may not be entitled thereto. If the provisions
are accepted they are in lieu of dower. Should she reject them and
claim her dower the total amount of the estate is by so much diminished.

3. Where testator by his will gave to an educational institution
his library, and upon the death of his wife the residue of his estate,
providing that the income therefrom should be used to purchase
books for and extend and increase the library, but, owing to the insti-
tution being within the provisions of section 17 of the Decedent Estate
Law, the bequest of a part of the residue failed, it may not be properly
held that because of the resulting diminution of the fund intended to
increase and maintain the library, the entire gift to the institution
became inoperative and void, where the main purpose of the testator
as to the library was to preserve it in some institution as a whole,
which purpose may still be accomplished.

*Unger* v. *Loewy*, 202 App. Div. 213, reversed.

(Argued April 25, 1923; decided May 29, 1923.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered October 6, 1922, reversing in part and affirming

in part a judgment of the Special Term construing the will of Benno Loewy, deceased.

*Henry W. Sackett* and *Stanley D. Brown* for appellant. It was not the intention of the legislature, in the enactment of chapter 360 of the Laws of 1860 (subsequently re-enacted as section 17 of the Decedent Estate Law), to include within its provisions any corporation that was organized as an educational corporation, whether under the general laws providing for the establishment of colleges within the state or under special acts of the legislature as in the case of Columbia University or Cornell University. The words " benevolent, charitable, * * * scientific or missionary corporation " in the act of 1860 meant, and were intended by the legislature to mean, precisely and only what the same words meant in the precursor of that act, viz., chapter 319 of the Laws of 1848, which, as has uniformly been held, did not include an educational corporation like Cornell University. (*Butterworth* v. *Keeler*, 219 N. Y. 416; *Matter of Crane*, 12 App. Div. 271; *Videl* v. *Girard*, 2 How. [U. S.] 128; *People* v. *Cameron*, 140 App. Div. 76; 200 N. Y. 585; *Matter of Francis*, 121 App. Div. 129; 189 N. Y. 554; *Matter of White*, 118 App. Div. 869; *Matter of Watson*, 171 N. Y. 256; *Matter of De Peyster*, 210 N. Y. 216; *People* v. *Cothran*, 27 Hun, 344.) Even if the bequest in the Loewy will were made to a corporation which the court found to be one that the legislature intended to bring within the provisions of section 17 of the Decedent Estate Law, such corporation, under the state of facts proved to exist in this case, would be entitled to receive the full amount of one-half of the testator's estate. Such one-half of the estate having been found to be validly bequeathed, the court will not inquire into the question whether it is adequate in amount to carry out to the full the testamentary hopes and desires of the testator. There is, moreover, no evidence in this case upon which

the court can predicate any ruling as to such adequacy of one-half of the estate of the testator Loewy. (*Matter of MacDowell*, 217 N. Y. 454; *Adams* v. *Perry*, 43 N. Y. 487.)

*Isidor Wels* and *Charles A. Strauss* for plaintiffs, respondents.

*Alfred D. Lind, Leonard Klein* and *Norman L. Marks* for Isabella Loewy, defendant, respondent. Cornell University and the other universities mentioned in the will are literary, scientific and charitable corporations, and come within the purview of section 17 of the Decedent Estate Law. (*Matter of Moses*, 138 App. Div. 535; *Mt. Harmon Boys School* v. *Gill*, 145 Mass. 139; *H. & D. School* v. *Detroit*, 76 Mich. 521; *Matter of MacDowell*, 217 N. Y. 454; *Schloendorff* v. *Society N. Y. Hospital*, 211 N. Y. 125; *Starr* v. *Selleck*, 145 App. Div. 869; 205 N. Y. 545; *Cunningham* v. *Sheltering Arms*, 61 Misc. Rep. 501; *Butterworth* v. *Keeler*, 219 N. Y. 446; *Parks* v. *Northwestern University*, 218 Ill. 381; *Dexter* v. *Harvard College*, 176 Mass. 192; *American Academy* v. *Harvard College*, 12 Gray, 582.) If the bequest to Cornell be deemed valid only to the extent of one-half of the estate, the library would be deprived of a substantial part of the endowment for its support, and this would be so far violative of the testator's clearly expressed intention as to nullify the entire scheme of the attempted testamentary disposition. (*Marvin* v. *Universal Life Ins. Co.*, 85 N. Y. 278; *Ward* v. *Hasbrouck*, 169 N. Y. 407; *Young* v. *Syracuse, etc., R. R. Co.*, 166 N. Y. 227; *Hirsch* v. *New England Nav. Co.*, 200 N. Y. 263; *Hartley* v. *Eagle Ins. Co.*, 222 N. Y. 178; *Matter of Hitchcock*, 222 N. Y. 57; *Kalish* v. *Kalish*, 166 N. Y. 368; *Adams* v. *Perry*, 43 N. Y. 487; *Oxley* v. *Lane*, 35 N. Y. 340; *Mygatt* v. *Maslen*, 141 App. Div. 468; *Chastian* v. *Tilford*, 138 App. Div. 746; 201 N. Y. 538.)

*John E. Roeser* for Ida Goldberger et al., defendants, respondents. The defendant universities come within

the provisions of section 17 of the Decedent Estate Law. (*Amherst College* v. *Ritch*, 151 N. Y. 282; *Chamberlain* v. *Chamberlain*, 43 N. Y. 440; *Hollis* v. *Drew Theological Seminary*, 95 N. Y. 165; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Kerr* v. *Dougherty*, 79 N. Y. 327; *St. John* v. *Andrews Inst.*, 191 N. Y. 254; *Decker* v. *Vreeland*, 220 N. Y. 326; *Matter of W. S. Asylum*, 115 N. Y. 442; *Grimmer* v. *Tenement House Dept.*, 205 N. Y. 459; *Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281.)   The testator's intention, evinced by the will, to set up a perpetual memorial to his name, to be added to perennially for all time by purchases made with the income of the balance of his entire estate in excess of the Benno Loewy Library, has been defeated by operation of section 17 of the Decedent Estate Law.   The provisions of the will in favor of the universities are, therefore, invalid in their entirety. (*Tilden* v. *Green*, 130 N. Y. 29; *Kalish* v. *Kalish*, 166 N. Y. 368; *Central Trust Co.* v. *Eggleston*, 185 N. Y. 23.)

ANDREWS, J.   By his last will Benno Loewy divided his property into two parts.   One consisted of a library apparently of considerable value which he wished to maintain intact.   The other part consisted of real and personal property which he devised and bequeathed to his executors in trust with directions to sell the same, invest the proceeds and pay the income for life to his wife Isabella Loewy.   This provision was stated to be in lieu of dower.   As to the library he directed his executors to deliver it to Cornell University under a contract by which the university covenanted to maintain it as a separate collection under the name of the Benno Loewy Library, itself providing for all expenses of maintenance.   The contract was also to provide that after Mrs. Loewy's death the university should receive the balance of his estate under the agreement that the income should be used for the purchase of books to be added to the library and for its extension and increase.   Should

Cornell University refuse to accept the library and the remainder under these conditions it was to be offered first to Johns Hopkins University, next to Leland Stanford, Jr., University and if refused by both to some other educational institution chosen by the executors. The testator left him surviving his widow and at least two cousins.

This action was brought by the executors and trustees to obtain a judgment as to the validity and construction of this will. The trial judge held that the provisions as to the library and as to the remainder were in effect a bequest to Cornell University or to such other institution as might accept the gift burdened with the conditions imposed. None of the parties to the action seem to question this result. He also held that the three institutions named came within the provisions of section 17 of the Decedent Estate Law (Cons. Laws, ch. 13) and that, therefore, Mr. Loewy, leaving a widow, might not bequeath or devise to them more than half of his estate after the payment of his debts. He further held that Mrs. Loewy was not entitled to dower and that the gift to the educational institutions constituted more than one-half of the estate of the deceased and was valid to the extent of that one-half and no more.

From his decision various appeals were taken. Mrs. Loewy and the two cousins of the deceased claimed intestacy as to the entire estate except as to the provision for the widow. Cornell University and Johns Hopkins University asserted that they were not such corporations as were defined by section 17 of the Decedent Estate Law and, therefore, were entitled to the entire estate. They each, and Mrs. Loewy also, appealed from the conclusion that the widow was not entitled to dower.

The Appellate Division affirmed the judgment as to the meaning of section 17 of the Decedent Estate Law, but held that because of the resulting diminution of the fund intended by the testator to increase and maintain the library his main purpose in making a gift of the library

failed. Therefore, his gift to the educational institutions became inoperative and void. As to all of his property included in such gifts the testator died intestate, and his widow was entitled to receive all his personal estate, and his heirs at law all his real estate, subject to the right of dower therein of his widow. From the judgment of the Appellate Division Cornell University alone appeals to this court.

We agree with the courts below that Cornell University and the other institutions mentioned come within the provisions of the Decedent Estate Law to which reference has been made. (*Amherst College* v. *Ritch,* 151 N. Y. 282; *Robb* v. *Washington & Jefferson College,* 185 N. Y. 485; *Butterworth* v. *Keeler,* 219 N. Y. 446.) The deceased may not bequeath to them, therefore, more than one-half of his estate after the payment of his debts.

As to the dower of the widow, she may or may not be entitled thereto. It is possible that she has or that she may, if no choice has yet been made, refuse to accept the provisions made for her in the will. If accepted they are in lieu of dower. There is no finding upon this subject, no reference to it in the opinions below or in the briefs submitted to us although Cornell University is interested in the result. Should she reject these provisions and claim her dower, the total amount of the estate is by so much diminished. (*Chamberlain* v. *Chamberlain,* 43 N. Y. 424, 440; *Hughes* v. *Stoutenburgh,* 168 App. Div. 512.)

As to the result reached by the Appellate Division that the bequest of the library fails because Cornell University may not receive the whole fund which the testator intended to give it, we agree with the Special Term. It is conceded that the gift to Cornell University exceeds one-half of the estate. There is no finding and no evidence in the case as to the amount of the estate nor as to the value of the library itself. The Appellate Division has assumed that the value of the estate is something like $200,000 and that the value of the library is something

like $65,000. The result would be that the endowment fund would be $35,000 instead of $135,000. Such figures are not anywhere shown by the testimony. It is difficult to discover, therefore, the basis for the determination which that court reached. It is said that we may examine record evidence to support the judgment of the court below and there is presented to us a decree of the Surrogate's Court upon the accounting of the temporary administrator of the estate. This does not show in any event the whole estate, real as well as personal, and as to the latter it simply states that it has been appraised at a certain amount. Even from this decree, therefore, we receive no assistance.

But assuming that the figures in fact are as stated by the Appellate Division, we still think that court in error. The main purpose of the testator as to the library was to preserve it in some institution as a whole and under a name that would perpetuate his memory. This may still be accomplished. It may not be increased to the extent desired. But we cannot say that this fact totally destroys the object in the mind of Mr. Loewy. The dispersal of his books was the one thing he sought to prevent. This main purpose may still be carried out. (*Matter of MacDowell*, 217 N. Y. 454; *Adams* v. *Perry*, 43 N. Y. 487.)

Various other questions have been suggested by the executors. They are not before us. We are confined to a consideration of matters presented by the appeals from the judgments below.

The judgment of the Appellate Division should be reversed and that of the Special Term modified by striking out the provision as to dower and as so modified should be affirmed, with separate bills of costs to the plaintiffs, to Cornell University, to Isabella Loewy and to Ida Goldberger and Max Dumbrowsky payable out of the estate.

HOGAN, CARDOZO, MCLAUGHLIN and CRANE, JJ., concur; HISCOCK, Ch. J., and POUND, J., not sitting.

Judgment reversed, etc.