## In the Matter of the Estate of CHARLES LOGASA, Deceased.

Surrogate's Court, New York County, July 1, 1937.

*Peterson, Steiner & Kohan*, for Hannah Logasa, respondent.

*Matthew M. Levy*, for the petitioner, Moses Logasa.

*M. Lawrence Cohen*, for the Cleveland Jewish Orphan Home.

FOLEY, S. This is an application for a construction of the will of the testator. It has already been adjudicated by the decree admitting the will to probate that there was a violation of section 17 of the Decedent Estate Law and that the bequest to the charity named in the will of the testator is valid to the extent of one-half of his estate, and no more. The question now to be determined is whether the excess beyond the one-half, after the payment of debts, passes to the petitioner herein, the father of the testator, who has contested the validity of the bequest, as next of kin, or to Hannah Logasa, sister of the testator and residuary legatee. A long line of cases has firmly established the general rule that the residuary clause of a will carries with it whatever may not be otherwise legally disposed of. (*Riker* v. *Cornwell*, 113 N. Y. 115; *Lamb* v. *Lamb*, 131 id. 227; *Carter* v. *Board of Education*, 144 id. 621; *Matter of Miner*, 146 id. 121; *Albany Hospital* v. *Albany Guardian Society*, 214 id. 435; *Matter of Cole*, 235 id. 48.)

As stated by Judge McLAUGHLIN in *Matter of Cole (supra)*, " Where the residuary bequest is not circumscribed by clear expressions in the instrument and the title of the residuary legatee is

not narrowed by special words of unmistakable import, he will take whatever may fall into the residue, whether by lapse, invalid dispositions, or other accident." The language of the present will clearly gives the residue to Hannah Logasa. So much thereof, therefore, as exceeds the statutory limit prescribed by section 17 of the Decedent Estate Law, passes as invalidly disposed of property of the testator, to Hannah Logasa, under the residuary clause of his will. It did not pass to the father as next of kin since the will effectively disposed of the excess by the residuary clause.

Where a bequest to charity, which has failed and lapsed because of the violation of the statute, is of the residue itself, or of a part of the residue, the foregoing rule has no application. In that case the invalid residue or part of the residue vests as intestate property, since under the authorities the residue passing under the residuary clause will not be augmented by a " residue of a residue." (*Wright* v. *Wright*, 225 N. Y. 329, and cases cited therein; *Oliver* v. *Wells*, 254 id. 451.)

Submit decree on notice construing the will accordingly.