In the Matter of the Accounting of LESTER KEMPE et al., as Executors of ABRAHAM KEMPE, Deceased.

Surrogate's Court, Bronx County, May 7, 1948.

*George Garfunkel* for executors.

*Lawrence J. Gross* for Mortimer Kempe, objectant.

*Murray E. Baron* for Jewish Memorial Hospital, Inc.

*Alfred Englander* for Jewish Child Care Association of New York.

*Benjamin, Galton & Robbins* for Mount Sinai Hospital.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), for State of New York.

HENDERSON, S. Upon the judicial settlement of their account, the executors request a construction of paragraph seventh of testator's will.

The questioned paragraph insofar as its terms are material for consideration, reads as follows: " Seventh: The remainder of my estate * * * I give * * * to the trustee * * * for the purpose of distribution among * * * such charitable * * * institutions * * * selected by my trustee * * *. In the event because of any statutory limitations such residue or any part thereof may not be so distributed for charitable purposes, I direct that as much of such residue as may be validly disposed of in that fashion shall be so administered: any portion of such residue then remaining I give and bequeath absolutely unto my son, Israel Kempe, to whom I bequeath also any and all partially lapsed bequests * * *

as well as any attempted bequests which may fail because of invalidity."

The bequest to charity exceeds the limit prescribed by section 17 of the Decedent Estate Law.

Israel Kempe, the son mentioned in the above paragraph, survived the decedent, qualified as executor and died on November 7th, 1945, having made no distribution of the residuary estate. He had made no formal objection to such distribution.

Mortimer Kempe, one of decedent's children, contests the validity of the bequest in excess of the statutory limit.

He contends that the alternate gift to Israel Kempe is invalid. It is his assertion that the part of the residue as to which disposition has failed, vests as intestate property because, under the authorities, the residuum passing under the residuary clause will not be augmented by a " residue of a residue." He cites the cases of *Oliver* v. *Wells* (254 N. Y. 451) *Wright* v. *Wright* (225 N. Y. 329) and *Matter of Logasa* (163 Misc. 628) as his authorities.

Even though it is the rule that there can be no " residue of a residue ", residuary clauses are broadly construed (*Lamb* v. *Lamb,* 131 N. Y. 227), and a construction resulting in intestacy should be avoided if possible (*West* v. *West,* 215 App. Div. 285).

An examination of the language employed by the testator does not disclose any conflict with the authorities cited by the objectant. The testator clearly demonstrates a direction to divide his residuary estate into two parts, one of which is given to charity, but only to the extent and in the amount permitted by statute. The balance consisting of that portion which does not pass to charity is given to his son.

The statute, while conferring the right upon the objectant to initiate a contest, does not make a gift over to him of the excess property. Where the will contains an alternate gift, as in the case at bar, the gift must be recognized (*Matter of Watson,* 177 Misc. 308).

Settle decree.