Francis X. Tucker, S.
On the final accounting of the executor an objection has been filed by Irving E. Ribsamen, Jr., as a grandson and descendent of the deceased. The bequests to certain charities and the trust established for the benefit of other charities are more than one half of the estate after the payment of debts and he maintains the excess is invalid'-and. voidable under section 17 of the Decedent Estate Law.
The objectant is the issue of the marriage of Ruth Turner Washburn and one Irving Ribsamen. His status as a descendant depends upon the validity of the adoption of the said Ruth Turner by the deceased John T. Washburn and Maude M. Washburn, his wife.
The testator died on April 10, 1956 and Maude M. Washburn died on June 2, 1956 without having commenced a proceeding under section 17 of the Decedent Estate Law.
On September 17, 1923 the County Judge of Ulster County signed an order purportedly approving the adoption of Ruth Turner by John T. Washburn and Maude M. Washburn, his wife. The papers submitted on the adoption reveal the said Ruth Turner was an infant of the age of 11 years; that both of her parents were dead; that she was living with her sister, Mabel Amarello, who had exclusive custody and control of the child and who signed a consent to the adoption. In a separate affidavit Mabel Amarello recited the fact that the child was in her continuous custody since the death of her father on August 3, 1921. The papers are silent on the question of a legal guardian and the testimony of Mabel Amarello as a witness in this proceeding indicates no legal guardian had been appointed for her sister.
By the terms of paragraph “fifth” of the decedent’s will Ribsamen was given a bequest of $1,500 and under paragraph “sixteenth” it was provided that should the said legatee ‘ ‘ contest the provisions of this last Will and Testament as being invalid under Section 17 of the Decedent Estate Law ”, then the legacy given to him under paragraph “ fifth ” should be considered revoked and any excess of the charitable bequests beyond the legal limitations provided by law should go to Mildred O’Bryon as alternative beneficiary in lieu of the charities. Ribsamen took an assignment of one half of her interest and has contested the excessive charitable bequests.
*417 The issues raised hy the parties to this proceeding are the following:
1. Can the validity of the purported adoption be attacked collaterally?
2. Is the adoption valid?
3. Does Bibsamen have standing to object when you consider that under the terms of the will he stands to lose by objecting?
4. May Bibsamen take an assignment of one half of the interest of Mildred O’Bryon?
It is necessary to pass upon the validity of the adoption to determine the status of Bibsamen as a person authorized to contest the charitable bequests. The question of status is within the jurisdiction of the Surrogate (Surrogate’s Ct. Act, § 40, as amd. by L. 1921, ch. 439; Matter of Vanderbilt, 208 Misc. 5; Matter of Cook, 244 N. Y. 63). The validity of an adoption may be and has been attacked in determining an issue of status on the probate of a will. (Matter of Dein, 135 Misc. 244.) The right to collaterally attack an adoption on jurisdictional grounds was clearly recognized by Surrogate Wingate in Matter of Connelly (154 Misc. 672) and cases cited therein.
To determine the validity of the adoption we must consider subdivision 4 of section 111 of the Domestic Delations Law as it existed on September 17, 1923. The pertinent language read as follows:
‘ ‘ § 111. Whose consent necessary.— Consent to adoption is necessary as follows:
% * *
“4. Of a person of full age having lawful custody of the child, if any such person can be found, where the child has no father or mother living, or no father or mother whose consent is necessary under the last subdivision. If such child has no father or mother living, and no person can be found who has the lawful custody of the child, the judge or surrogate shall recite such facts in the order allowing the adoption.”
It is apparent that the wording of the statute differs from its present form which requires the consent of the parents or person having lawful custody. Prior to the amendment effective April 9, 1938 the wording of the statute contemplated the approval of an adoption where the parents were deceased and there was no person having lawful custody. In such case the Judge or Surrogate was required to recite such facts in the order of adoption.
The recitals in the order under consideration read as follows : ‘ ‘ Application having been duly made to me at the City of *418 Kingston, in the County of Ulster and State of New York, by John T. Washburn and Maude M. Washburn, residents ofSaugerties, in the County of Ulster, N. Y., for an order allowing and confirming the adoption by them of Ruth Turner, born on the 7th day of August, 1912, to which Mabel Amarello, the sister and custodian of said infant, has consented; and all of said parties having on this day appeared before me, and after agreement on the part of said foster parents to adopt and treat said minor as their own lawful child, contained in an instrument that also contained a statement of the age of said minor and the consent required by law having at the same time been presented to me, signed by said foster parents and sister and custodian of said minor; it appearing that the father and mother of said child are both dead, and execution thereof having severally been acknowledged by said persons before me this day, and I having examined all persons so appearing before me as aforesaid and being'satisfied that the moral and- temporal interest of the said Ruth Turner will be promoted by the said adoption for the following reason: that the father and mother of said child are both dead, that said child has no means of her own and no [sic] charged with her support and maintenance, and said John T. Washburn and Maude M. Washburn are persons of abundant means and are fit and proper persons to have the care and custody of said child and are devoted to the interests of said child ’ \
Particular attention is directed to the underlined recitals.
The attorney for the petitioner in drafting the order may not have followed the express language of the statute, however, I find sufficient recitals to satisfy the spirit of the statute. The death of the parents is clearly stated and the recitals as underlined clearly indicate that there is no person with lawful custody.
The respondents argue that the adoption is invalid because the parties to the adoption were acting under the assumption that the consent of the sister, Mabel Amarello, was the consent required by law. The order refers to the consent of the sister but she is described as the “ sister and custodian ’ ’, not the person with lawful custody. Her affidavit attached to the petition and her testimony on this proceeding refer to “ continuous ” custody and “ exclusive ” custody, but not “ lawful ” custody. This affidavit was undoubtedly included to establish that no one else had custody, and thus to negate the possibility there was someone with lawful custody whose consent should be required. To adopt the argument advanced by the respondents we rnhst conclude that the attorney for the petitioner and the County Judge were unknowledgeable with respect to a proposition of *419 law which was basic at the time. I therefore conclude that the adoption of Ruth Turner by John T. Washburn and Maude M. Washburn is valid.
' The adoption being valid, Ribsamen is a “ decendant ” and as such is one of the class authorized by section 17 of the Decedent Estate Law to challenge the charitable bequests.
The representatives of the charities maintained Ribsamen has no standing to make this challenge because by doing so the terms of the will cause him to suffer financially. I find no limitation by statute or case law on his authority to challenge which is expressly conferred by section 17. Although the reported opinions do not indicate this issue was raised by argument the right to challenge charitable bequests under similar circumstances has been recognized in the following cases: (Matter of Kempe, 191 Misc. 993 [1948]; Matter of Logasa, 163 Misc. 628 [1937]; Unger v. Loewy, 202 App. Div. 213, 218, revd. on other grounds 236 N. Y. 73).
The excess of the charitable bequests beyond the legal limitation provided by law goes to Mildred O JBryon as alternative beneficiary. Mildred O’Bryon has executed a written assignment of one half of this contingent bequest to Ribsamen and it is on file with this court. A contingent interest may be assigned. (Personal Property Law, § 41; Kenyon v. See, 94 N. Y. 563, 568, and cases cited therein.) The assignment is in proper legal form and the contingency having come about the transfer of a one-half interest in the legacy is valid.
The assignment of the contingent interest of a descendant was recognized as valid in Matter of Watson (177 Misc. 308, 318). In that ease one of three descendants successfully challenged gifts to charities under section 17 of the Decedent Estate Law and by virtue of an assignment he received that part of the excess which passed by intestacy to his assignor.
The objection of Irving E. Ribsamen, Jr., to the final account of proceedings of the Kingston Trust Company as executor of the last will and testament of John T. Washburn, deceased, is allowed and the executor is directed to modify the said account in accordance with section 17 of the Decedent Estate Law and this decision. Settle decree.