■ In the Matter of the Accounting of KINGSTON TRUST COMPANY, as Executor of JOHN T. WASHBURN, Deceased, Appellant. TRINITY EPISCOPAL CHURCH et al., Appellants; IRVING E. RIBSAMEN, JR., Respondent.— Appeal by the executor and certain legatees from a decree of the Surrogate's Court of Ulster County which allowed the objections to the executor's account interposed by respondent Ribsamen, claiming to be a grandson of testator and objecting that testator, in contravention of section 17 of the Decedent Estate Law, devised and bequeathed more than one half of his estate to charitable and other legatees of the character described in that section. Appellants were permitted to attack collaterally the County Court order of 1923 which allowed and confirmed the adoption by testator and his wife of one Ruth Turner, who predeceased testator, leaving respondent her sole issue; the ground of invalidity urged being the alleged omission from the order of the recital as to the absence of a "lawful" custodian required by subdivision 4 of section 111 of the Domestic Relations Law as then constituted (L. 1909, ch. 19), which provided: "Consent to adoption is necessary as follows: * * * 4. Of a person of full age having lawful custody of the child, if any such person can be found, where the child has no father or mother living, or no father or mother whose consent is necessary under the last subdivision. If such child has no father or mother living, and no person can be found who has the lawful custody of the child, the judge or surrogate shall recite such facts in the order allowing the adoption." Respondent urges that the collateral attack upon the order is upon nonjurisdictional grounds and on that account improper and, further, that appellants, whose interests stem from testator, are estopped from questioning an adoption proceeding which testator recognized as valid for the intervening 33 years until his death. We pass these objections, however, to reach the merits. It satisfactorily appeared that at the time of the adoption, Ruth Turner's parents were deceased; that she was 11 years old and in the actual custody of her sister, whose consent to the adoption recited that she had the *exclusive* custody of the child. In this situation the Surrogate correctly found that the order substantially complied with the second sentence of the then subdivision 4, above quoted, by referring to the sister as the "custodian of said infant" and by reciting "that the father and mother of said child are both dead, that said child has no means of her own and no [*sic*] charged with her support and maintenance", the word "person" or an equivalent evidently being omitted. It follows that respondent is a descendant of the testator. As such, he was entitled to invoke the statute (Decedent Estate Law, § 17) and we perceive no sound reason for departing from its literal language, as appellants would have us do, and engrafting a proviso that the objection may be made only by one whose position (as of the date of testator's death) was such that pecuniary benefit would accrue to him upon allowance of the objection (cf. *Unger* v. *Loewy*, 202 App. Div. 213, revd. on other grounds

236 N. Y. 73; *Matter of Kempe,* 191 Misc. 993; *Matter of Logasa,* 163 Misc. 628); appellants' contention in this respect being advanced by reason of the fact that an *in terrorem* clause purports to revoke respondent's relatively minor legacy in the event he shall contest the charitable and similar bequests, and gives to an alternate legatee the amounts in excess of those which may be held to have been lawfully given under section 17. Respondent has become the assignee of one half of the interest of the alternate legatee and appellants, while not contesting the validity of the gift over, assert that the assignment of an interest in such a bequest is void as against public policy. The weight of such authority as does exist is to the contrary but we find no sufficient basis for the contention in any event. Decree unanimously affirmed, with costs to all parties filing briefs, payable from the estate. [23 Misc 2d 415.]