Francis X. Tucker, S.
On the judicial settlement of the final account of the successor trustee under the last will and testament of John T. Washburn, Sr., the successor trustee seeks *57 a construction of that paragraph of the decedent’s will which created the trust.
John T. Washburn, Sr., died testate on February 18, 1911 leaving a will dated January 15, 1909, and a codicil dated January 7, 1911, which were admitted to probate in the Surrogate’s Court of Ulster County on March 13, 1911. He was survived by three sons: John T. Washburn, Jr., George Washburn and Ward Washburn. He devised certain realty to his son, Ward Washburn, and other realty and his residuary estate to his sons. John T. Washburn, Jr., and George Washburn. He also created a trust in paragraph “ Fourth ” of his will which provided as follows: “ fourth : I give and bequeath to my two sons, John T. Washburn, Jr., and George Washburn, the sum of Twenty-five thousand dollars ($25000.00), nr trust, for the several uses, ends, intents and purposes, and under and subject to the several provisions, restrictions, limitations and conditions following, that is to say: That said John T. Washburn, Jr., and George Washburn, as Trustees shall invest the said sum of Twenty-five thousand dollars, ($25000.00), in such securities and in the manner thought best by said trustees, and said Trustees are not limited in investments to securities designated by law as ‘1 Trust Investments ’ ’; and collect the dividends, interest and income of such investments, and after deducting therefrom all expenses and charges of the said Trustees in management of the trust; the said Trustees shall pay the balance of the same in semi-annually payments on January 1st, and July 1st, of each year, to my son, Ward Washburn, during the term of his natural life, and at the death of my said son, Ward Washburn, my said Trustees shall pay the said sum of Twenty-five thousand dollars ($25000.00) in equal shares to the lawful issue of my said son, Ward Washburn, per stirpes and not per capita; but should my said son, Ward Washburn, die leaving no lawful issue (lineal descendants) him surviving, then the said Trustees shall pay the said principal sum of Twenty-five thousand dollars ($25000.00) in equal shares to my children, John T. Washburn, Jr., and George Washburn, and in case any of my said children should die prior to the death of my said son, Ward Washburn, leaving children him surviving, then such children to receive and to be paid the share their parents would have received, if living, and if any of my said children should die prior to the death of my said son, Ward Washburn, without leaving children him surviving, then the share of such son so dying shall be paid to the surviving of my said children, and to the children of any such as may be dead, such children to receive the share their parent would have received, if living.”
*58 George Washburn died June 24, 1922, leaving a widow, Eleanor H. Washburn, but no children or descendants. His will, probated July 24,' 1922, left his estate to his widow. She died January 31, 1946 and her will, probated February 26, 1946, gave her residuary estate to George Van Deusen Hutton, who appears in this proceeding as executor of said estate and claims an interest in the remainder of the trust under the residuary clause of the will of John T. Washburn, Sr.
John T. Washburn, Jr., died April 10, 1956, his wife having predeceased him. There were no natural children born to him during his lifetime, but on September 17, 1923 he adopted Ruth T. Washburn, who had been born August 7, 1912. Ruth T. Washburn, predeceased her foster father; however, in 1929 she married one Irving E. Ribsamen and on March 30, 1930 a child was born of this marriage. This child, Irving E. Ribsamen, Jr., is a party to these proceedings and claims the remainder of the trust, as the survivor of John T. Washburn, Jr.
Mildred O’Bryon is a party to these proceedings by virtue of an agreement entered into with Irving E. Ribsamen, Jr., in connection with the estate of John T. Washburn, Jr. Her position in most respects is similar to that of Irving E. Ribsamen, Jr.
Under the last will and testament of John T. Washburn, Jr., probated April 27, 1956, Kingston Hospital, Trinity Episcopal Church of Saugerties and Ellen Russell Finger Home were named as residuary legatees and as such are parties to this proceeding. Their claim to the remainder, like the claim of George V. D. Hutton, the executor of the last will and testament of George Washburn’s widow, Eleanor H. Washburn, is based upon the absence of a remainderman who qualifies to receive the corpus of the trust. They contend the corpus passes under the residuary clause of the last will and testament of John T. Washburn, Sr.
Ward Washburn died April 4, 1963 and was survived by his widow, Anna T. Washburn, to whom he devised and bequeathed his entire estate. He had no children during his lifetime. Anna T. Washburn, as his sole legatee, claims the remainder of the corpus of the trust vested in Ward Washburn upon the death of John T. Washburn, Jr., without descendants. This contention necessarily depends upon the status of Irving E. Ribsamen, Jr., as a descendant of John T. Washburn, Jr.
In considering paragraph ‘ ‘ fourth ’ ’ of the will, it appears the testator’s basic intent was to give the corpus of the trust to one or more of his surviving lineal descendants upon the death of the life beneficiary. At the death of the testator, his *59 sons George Washburn and John T. Washburn, Jr., were alive and had a vested interest in the remainder of the trust subject to being divested in the event Ward Washburn had issue. On the death of either, his children were to receive this vested interest subject to the same contingency.
George Washburn died without children and his interest in the remainder was divested. Thereupon, John T. Washburn, Jr., was vested with the entire remainder subject to its being divested by lawful issue of Ward Washburn. His vested interest continued until his death at which time the remainder was vested in his descendant subject to being divested by lawful issue of Ward Washburn. Upon the death of Ward Washburn without lawful issue, the descendant of John T. Washburn, Jr., could no longer be divested of the remainder and is entitled to the corpus of the trust.
The status of Irving E. Ribsamen, Jr., as the descendant of John T. Washburn, Jr., is questioned by the other parties to this construction proceeding. The same issue was considered by this court in connection with the estate of John T. Washburn, Jr., when Ribsamen sought to invoke the right of a descendant under section 17 of the Decedent Estate Law to limit the charitable bequests. The adoption of his natural mother, Ruth T. Wash-burn by John T. Washburn, Jr., came under attack and was held to be valid. As a descendant of John T. Washburn, Jr., Ribsamen was permitted to limit the bequests to charity (Matter of Washburn, 23 Misc 2d 415). This decision was affirmed by the Appellate Division (12 A D 2d 856).
Former section 115 of the Domestic Relations Law [now renum. § 117 by L. 1961, ch. 147], which applied to the wills of persons dying before March 1, 1964, established the right of adopted children to inherit from foster parents and extends this right to the distributees of such adopted children. A limitation was placed on this right in the following language:
‘ As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of remainder mend (Emphasis supplied.)
The parties to this proceeding who would be entitled to the corpus if it passed through the residuary legatees of the estate of John T. Washburn, Sr., are relying upon this limitation to defeat the claim of Irving E. Ribsamen, Jr.
The term ‘ ‘ remaindermen ’ ’ as used in section 115 of the Domestic Relations Law is not to be confused with the term “residuary legatee ”. The residuary legatee is a person to *60 whom is bequeathed what is left of the estate after the payment of debts, expenses of administration and other legacies; while a remainderman is one who becomes entitled to the estate after the intervention of a precedent estate or on the termination by lapse of time of rights of a precedent estate created at the same time. (Matter of Mawhinney, 146 Misc. 30, 33.)
It is obvious the testator intended the remainder after the death of the life beneficiary to go to his lineal descendants subject to certain contingencies. Had he desired to make his residuary estate a contingent remainderman, it would have been simple to do so. The law with respect to inheritance where adopted children are involved has placed Irving E. Ribsamen, Jr., in the category of a lineal descendant and I find nothing in the will to indicate the testator intended to exclude him. The limitation in section 115 of the Domestic Relations Law was designed to avoid the frustration of the testator’s selection of contingent remaindermen by an adoption. (Matter of Horn, 256 N. Y. 294, 297.) This limitation cannot be construed to include residuary legatees who were not considered in the testator’s plan or named in the statute.
Irving E. Ribsamen, Jr., is entitled to the remainder of the corpus of the trust created by paragraph “fourth” of the last will and testament of John T. Washburn, Sr.