Louis D. Laurino, S.
This case concerns the rights of children to elect against an excessive charitable disposition (EPTL 5-3.3), in view of a claimed disinheritance provision in the will. As such, it stands in what is becoming a discernible line of reported cases struggling with the effects of Matter of Cairo (35 A D 2d 76, unanimously affd. without opn. 29 N Y 2d 527).
The will reads in pertinent part as follows:
“ third: Should they survive me, I give, devise and bequeath" to my daughter, charlotte anna eckart, and to frank darmody, . the son of my divorced husband, Patrick darmody, the sum of Fifty Dollars each.
<* fourth : For reasons that to me are good and sufficient, I make no further testamentary provision for my said daughter and Frank Darmody, and I intentionally make no provision for any other of my relatives.
*935 fifth : All of the rest and residue of my property, real and personal, wheresoever situated owned by me at my death, I give, devise and bequeath to watch tower birle and tract society of pehhsylvahia, a nonprofit corporation with main office and principal place of business at 124 Columbia Heights, Brooklyn, New York.”
EPTL 5-3.3 reads in pertinent part as follows: “ (a) A person may make a testamentary disposition of his entire estate to any person for a benevolent, charitable, educational, literary, scientific, religious or missionary purpose, provided that if any such disposition is contested by the testator’s surviving issue or parents, it shall be valid only to the extent of one-half of such testator’s estate, wherever situated, after the payment of debts, subject to the following: (1) An issue or parent may not contest a disposition as invalid unless he will receive a pecuniary benefit from a successful contest as a beneficiary under the will or as a distributee.”
Two essential facts are not in dispute: (1) that Frank Darmody, one of the petitioners, described in the will as the “son of my divorced husband ” is also the natural son of the testatrix; and (2) that the testatrix disposed of more than one half of her estate to charity.
Before considering the effect of Cairo (supra) on this will, let us first dispose of two issues, one based on facts which appear for the first time in the petitioners’ brief, and the other never raised by the parties.
Petitioners claim as a fact that the testatrix’s gross annual income was at a level far below that fixed by the Federal Government as a minimum subsistence level. The argument here is that under these circumstances, a $50 gift is not an act of disinheritance but rather a significant legacy. This argument, resourceful as it is, will have to be dismissed since no hearing was requested for the introduction of facts, and the proceeding was submitted by agreement for a determination as a matter of law.
The other issue, one not raised by the parties, concerns the existence in paragraph “ sixth ” of the will, of a condition against contest or a so-called “ in terrorem ” clause. Such a clause cannot operate as a bar to a contest based upon excessive charitable gifts. (Unger v. Loewy, 202 App. Div. 213, revd. on other grounds 236 N. Y. 73.)
Now let us turn to a consideration of Cairo and two other recent cases, Matter of Norcross (67 Misc 2d 932, affd. without opn. 39 A D 2d 874) and Matter of Rothko (71 Misc 2d 74).
*936 In Cairo (35 A D 2d 76, 77, affd. 29 N Y 2d 527, supra), the grandson who brought the contest was specifically disinherited in the following words: ‘ ‘ I make no beqnest to my grandson, JosephL. Cairo * * * for good and sufficient reason.” The Appellate Division reasoned, and the Court of Appeals agreed, that the dominant scheme of the will was a clear intent to benefit charity and to disinherit the grandson, and that this mandated a determination upholding the excessive charitable gift. EPTL 5-3.3 quite evidently is intended as a restriction upon a testator’s excessive charitable desires and yet Cairo tells us that in determining its effect we must look to the testator’s intent. Perhaps it, should here be noted that, while a case may tell us that our guide must be testamentary intent, no case can tell us what this particular testatrix intended. That can only come from a reading of this will, and where necessary, the surrounding circumstances. Surrogate Wiktgatb stated this rather clearly in Matter of Montgomery (166 Misc. 347, 349, revd. on other grounds 258 App. Div. 64, affd. 282 N. Y. 713) where he said: “ The court notes with pleasure that in the preparation of two of the three memoranda filed, counsel have heeded the oft-repeated admonition of this and other courts respecting the utter futility and useless waste of paper involved in the practice of citing precedents interpreting' the language employed by other testators in different wills, and urging their results as persuasive in the present instance. (Matter of Watson, 262 N. Y. 284, 297; Matter of Rossiter, 134 Misc. 837, 839; affd., 229 App. Div. 730; affd., 254 N. Y. 583; Matter of Weissman , 137 Misc. 113, 114; affd. on opinion of this court, 232 App. Div. 698; Matter of Corlies, 150 Misc. 596, 597, 598; affd., 242 App. Div. 703; Matter of Wintringham,161 Misc. 34.6, 349; Matter of Ward, 165 id. 949.) ”
Cairo relies heavily upon the wording of EPTL 5-3.3 (subd. [a], par. [1]) quoted above. This wording never appeared in the predecessor statute and this was considered as an indication that the Legislature intended a softening of the restrictions against excessive charitable gifts.
However, as Norcross (supra), points out, this new wording quite evidently had a different purpose: to avoid connivance. That is, to prevent an intestate distributee from instituting a proceeding for the benefit of a noncharitable residuary legatee or the beneficiary of a gift-over provision. It is impossible to comprehend how connivance can enter into a situation Where as here, as well as in Cairo, there is no gift-over, and the charity is the sole residuary beneficiary. Who else but the contestant could benefit?
*937 Furthermore, as Norcross points out, Cairo stands for the proposition that a testator who manifests an intent to avoid the statute can do just that, and yet this could never be suggested as a bar to a surviving spouse who elects under EPTL 5-1.1. For that matter, under Unger v. Loewy, (202 App. Div. 213, revd. on other grounds 236 N. Y. 73, supra), an “ in terrorem ” clause, another significant expression of testamentary intent, could never be considered a bar to either an excessive charitable election or to a surviving spouse’s election.
Rothko (supra) is another recent well-reasoned case which has wrestled with Cairo and its effect upon the present statute, and it contains an eloquent appeal to the Legislature for relief. This court joins with Rothko in its appeal, and suggests that consideration be given to removing from the effects of EPTL 5-3.3 (subd. [a], par. [1]) any will in which the charity is the sole residuary beneficiary and there is no gift-over provision.
According to Cairo, two elements must be found in a will before an excessive charitable gift will be upheld: (1) a dominant charitable intent, and (2) an intent to disinherit the contestant entirely. In both Norcross and Rothko, the courts held 'the second element missing, finding in each will expressions of affection and beneficence for the contestants. We must now look to the present will to see if these two elements are present.
There is ample expression of dominant charitable intent, and there is no question that the first element is present. The question is whether or not the second element is present. Disregarding, as we have said, the financial circumstances of the testatrix, does a $50 legacy indicate an intent to disinherit?
Admittedly, this will lacks the emphasis on affection and beneficence found in Norcross and Rothko. But that does not mean that the second element is necessarily present in this case. Particular attention is directed to paragraph “ fourth ” of the will. There it is apparent that the testatrix had assigned different levels of importance to her relatives, and that the contestants enjoyed a somewhat higher standing than the others. When this is coupled with the $50 legacies which the others did not receive, and upon a reading of the entire will, it cannot be said that this testatrix intended to disinherit the contestants should any part of her estate fall into intestacy. On this ground the present case is distinguished from Cairo.
Accordingly, the election against the excessive charitable gift is declared valid. However, the question of valuation cannot be determined until the final accounting proceeding.