Bertram R. Gelfand, S.
This is an application by an adult grandson of testatrix who in his posture as a descendant of decedent’s predeceased issue seeks to invade for his benefit residuary bequests to eleemosynary institutions to the extent that such bequests exceed one half of testatrix’ net estate.
Testatrix died August 5, 1972. Her last will and testament was executed on August 12, 1971. Testatrix’ gross estate is approximately $75,000. Under the terms of her will, she made seven specific bequests, including $100 to the petitioner. The latter bequest of $100 is by far the smallest of the specific bequests with the possible exception of two fur pieces left to a coexecutrix.
Testatrix’ residuary estate is bequeathed in equal shares to St. Nicholas of Tolentine Roman Catholic Church and St. Anthony’s Guild Franciscan Monastery "for the purpose of *931 masses for may c. newkirk, george f. newkirk and the reimers family.” It is the contention of the petitioner that to the extent that said residuary bequests exceed one half of testatrix’ distributable estate pursuant to EPTL 5-3.3 said legacy should be set aside and distributed to petitioner.
An eligible person may not avail himself of the benefits of EPTL 5-3.3 if it is the intention of the testatrix to disinherit the petitioner (Matter of Cairo, 35 AD2d 76, affd 29 NY2d 527). I share the view expressed by my learned colleague Surrogate Laurino in Matter of Eckart (72 Misc 2d 934) where he concludes that the mandate of the Cairo case is that in each case we must look to the testatrix’ intent in determining the availability to a petitioner of the remedy enunciated in EPTL 5-3.3. This concept of the supremacy of the testator’s intent permeates the other recent cases considering the statute at issue (Matter of Norcross, 67 Misc 2d 932, affd 39 AD2d 874; Matter of Rothko, 71 Misc 2d 74).
Determination of the actual intention of the testatrix must be ascertained from a reading of her will as a whole (Matter of Thall, 18 NY2d 186, 192; Matter of Dammann, 12 NY2d 500, 504-505; and Matter of Larkin, 9 NY2d 88, 91). In this matter it is clear from the specific bequests contained in her will that the testatrix was keenly aware of the nature of her assets. This is evidenced not only by the nature of the specific bequests but by the actual listing of stock certificate numbers. Considering all of the foregoing factors the $100 bequest to the petitioning adult grandson out of an estate of approximately $75,000, viewed in the most charitable light, must be deemed to be so de minimis as to establish testatrix’ strong intent to effectually disinherit petitioner.
Significance must also be attached to the nature of the residuary bequests. The testatrix does not merely make an outright gift to charitable institutions. She specifically states that the purpose of the legacies is for each of the residuary legatees to say Masses for the repose of the souls of the testatrix and other delineated relatives of the testatrix. The nature of this bequest evidences a clear testamentary scheme of the testatrix to apply the major portion of her assets to a purpose consistent with the pursuit of her religious faith. As stated in Matter of Dammann (supra, p 504): "The first, safest and most urgent rule of testamentary construction is the one that says that whenever possible the testament is to be construed in accord with the actual intent of the testator”. *932 This testamentary intent must be carried out where it does no violence to any rules of law. In the instant matter, the intent of the testatrix can be effectuated within the framework of the pertinent statute. If it could not, to the extent that the statute infringed upon the testatrix’ pursuit of her religious beliefs, to that extent the statute would be offensive to the guarantees contained in both the United States and New York State Constitutions that assure all parties in this freedom-blessed nation the free exercise and enjoyment of their religious beliefs (US Const, 1st Arndt; NY Const, art I, § 3). A testamentary direction that is an endeavor by a party to assure the repose of their eternal soul consistent with the practice of their faith must be deemed to be a constitutionally protected exercise of religious freedom that should not be lightly infringed upon after their death.
Accordingly, it is concluded that petitioner has failed to establish that he is entitled to relief pursuant to EPTL 5-3.3 and his application is denied.